224 So.2d 797 (1969)
Yewell ADAMS, Appellant,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Virginia Corporation, Appellee.
No. K-381.
District Court of Appeal of Florida. First District.
July 10, 1969.
Rehearing Denied July 31, 1969.
*798 Beckham & McAliley and Horton & Schwartz, Miami, for appellant.
Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed a final judgment dismissing without prejudice his complaint at law for damages. The judgment of dismissal is predicated solely upon the doctrine of forum non conveniens. Plaintiff contends that the doctrine is not applicable to this case, and the court erred in relying upon it as the ground for its dismissal of the action.
Appellant, a resident of Georgia, brought this action in the Circuit Court of Duval County, Florida, against appellee, a Virginia corporation, for damages arising under a cause of action conferred by the Federal Employers' Liability Act,[1] which accrued while appellant was working as an employee of appellee in its railroad yard at Waycross, Georgia.
In its final judgment of dismissal, the trial court found from the evidence submitted in support of and in opposition to the motion to dismiss the action as follows:
"Plaintiff is a resident of Georgia, residing a short distance from Waycross, Georgia, where the cause of action arose. All the witnesses are residents of Georgia, including the witnesses material to the issue of the release alleged to have been executed by the plaintiff. None of them are amenable to compulsory process of this court. The site of the accident is in Waycross, and any view would require transportation of jurors, counsel and court personnel to that city, which is approximately 63 miles from Jacksonville.
"There appears no reason why Jacksonville has been selected for the trial of this FELA case, other than the circumstances that the defendant's home office is located here, but this circumstance lends nothing to the convenience of the trial of this case. All factors considered, it is apparent that Jacksonville is a most inconvenient place to compel trial of the action. * * *"
The forum non conveniens doctrine is grounded upon equitable considerations applied in the court's discretion in order to prevent the imposition upon its jurisdiction of those causes of action which, for the convenience of the litigants and in the interest of justice, should have been instituted in another forum.[2] This doctrine was recognized, and its use greatly expanded by the adoption of an act of Congress providing that for the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer any civil action to any other district or *799 division where it might have been brought, or to any other division of the same district.[3] It is to be noted that this statute does not authorize a dismissal of an action brought in an inconvenient forum, but merely transfer of the action to a more convenient forum when, in the court's discretion, it will serve the convenience of the parties, the witnesses, or the interest of justice. Prior to the enactment of this statute, the federal courts recognized that the doctrine of forum non conveniens could not be utilized as a ground for transferring an action from one federal district to another so as to defeat the plaintiff's choice of forum if venue was properly laid in accordance with the applicable federal statutes.[4] The foregoing statute is applicable only to trial courts in the federal judicial system and has no binding effect on the courts of the various states of this union.[5] No similar provision has been adopted in Florida either by statute or rule of court.
It has been repeatedly held by the appellate courts of this state that the doctrine of forum non conveniens is not a proper ground to justify either a dismissal of an action or the transfer of an action from one circuit court of this state to another, where the action has been instituted by a resident of Florida in a forum duly authorized by the venue statutes of this state or of the United States.[6] It has likewise been held that the doctrine is not a proper ground for transferring an action accruing in Florida from one circuit court to another provided venue is properly laid under the statutes of this state, even though both plaintiff and defendant are nonresidents of Florida. In so holding, the Third District Court of Appeal said:
"In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by the defendant. * * * To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions."[7]
Those decisions by the appellate courts of Florida which have recognized and permitted a strictly limited application of the doctrine of forum non conveniens have their genesis in a time honored principle which was pronounced by our Supreme Court in a decision rendered June 30, 1936, in the case of Hagen v. Viney.[8] The action sought to be prohibited in the Hagen case was one filed in a circuit court of Florida between nonresidents of this state by which the plaintiff sought to enforce the provisions of a separation agreement accruing under a contract executed in a foreign jurisdiction. In disposing of the question of whether the trial court had jurisdiction to entertain the action, our Supreme Court said:
"It is settled law that courts of one state are not required to assume jurisdiction of causes between nonresidents arising in other jurisdictions, though by the rule of comity rather than that of strict right they generally do so. After all is said, the question of jurisdiction in transitory *800 actions between nonresidents is one of discretion on the part of the court assuming it, and no rule has yet been promulgated to guide that discretion. The chancellor should be guided by the applicable rules in such cases, but the record here reveals nothing to reverse him on this point."
The rationale of the foregoing principle is that the courts of a given state should not have to suffer the imposition of being called upon to provide a forum for litigating actions between nonresidents concerning causes of action accruing in foreign jurisdictions. Such a condition would unduly encumber the time of the court which is primarily engaged in resolving matters affecting its own citizens.
Using the foregoing principle as a foundation for their conclusion, some of our courts have engrafted upon it as additional factors to be considered the criteria expounded by courts of the federal jurisdiction in their application of the doctrine of forum non conveniens under the statute effective in that jurisdiction (Title 28 U.S.C.A. § 1404). Thus it was that the Third District Court of Appeal, in Southern Railway Company v. Bowling,[9] affirmed a decision of the trial court denying a motion to dismiss an action on the ground of forum non conveniens. In doing so, the court held that upon consideration of the facts shown to exist in that case, the movant-appellant had failed to demonstrate that the trial court had abused its discretion. Although citing Hagen v. Viney, supra, as the basic authority for its position, the District Court did not base its decision on the Hagen principle that the trial court was privileged to either accept or decline jurisdiction because the parties to the suit were nonresidents seeking to litigate a cause of action arising in a foreign jurisdiction. On the contrary, it based its holding upon the finding that the trial court's ruling did not constitute an abuse of discretion when considered in light of the criteria which must be observed in applying the doctrine of forum non conveniens as pronounced by the federal courts of our nation.
In the later case of Southern Railway Company v. McCubbins,[10] the Third District Court of Appeal reversed a trial court's order denying a motion to dismiss the action predicated upon the ground of forum non conveniens. The action was brought by nonresidents seeking to litigate a cause of action arising in a foreign jurisdiction. Although finding, among other things, that the evidence established beyond dispute that in filing his action the plaintiff was engaged in a flagrant program of forum shopping having the effect of unjustly harassing the defendant, the court elaborated upon the other evidence submitted in support of the motion to dismiss which came within the criteria usually recognized by federal courts as requiring a transfer of an action under the doctrine of forum non conveniens, and held that the trial court's rejection of this evidence constituted an abuse of discretion.
From the foregoing decisions the principle emerges as the recognized law of this state that if a transitory action is filed in a court of Florida between nonresident parties seeking to litigate a cause of action accruing in a foreign jurisdiction, the trial court is accorded a sound discretion in determining whether it should retain jurisdiction of the action, or dismiss it without prejudice to the right of the plaintiff to reinstitute the action in a more appropriate and convenient forum. In the exercise of such discretion, the trial court may consider whether the filing of the action constitutes forum shopping on the part of plaintiff; whether it constitutes undue harassment of the defendant by requiring him to litigate the action in a forum remote from where it accrued or where the defendant resides or maintains a place of business; and, whether the convenience of the parties and witnesses, in the interest *801 of justice, requires the action to be litigated in a different forum. In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are nonresidents, and the cause of action sued upon arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce that the trial court is authorized to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met. It should be borne in mind that we are not here dealing with a mere procedural mechanic by which an action is transferred from one forum to another without prejudice to either of the parties. We are here dealing with a final judgment dismissing a complaint which has been filed in a proper forum in accordance with the venue statutes of this state, the effect of which might well be to either destroy the cause of action or greatly prejudice the rights of the plaintiff. Under these circumstances a trial court is required to exercise a much higher standard of discretion in passing upon such a motion to dismiss the action than is otherwise required in the disposition of procedural motions having a less drastic effect upon the substantive rights of the parties.
Turning to the facts in the case sub judice, it is established without dispute that the plaintiff is a resident of Waycross, Georgia. By his complaint he seeks to litigate in the Circuit Court of Duval County, Florida, a cause of action against a corporation which is incorporated under the laws of Virginia on a cause of action accruing in Waycross, Georgia, a distance of some 75 miles from the court where the action is commenced. On their face, these facts would indicate that the case sub judice is one in which the trial court was privileged in the exercise of its discretion to apply the doctrine of forum non conveniens in determining whether the motion to dismiss the action should be granted or denied. The evidence further reveals, however, that although the defendant received its corporate charter from the State of Virginia, it nevertheless maintains its official headquarters and principal place of business in Duval County, Florida. The trial court was of the view that this factor was immaterial in determining whether the doctrine of forum non conveniens was available as a ground for dismissing the action. With this conclusion we are unable to agree.
For all intents and practical purposes insofar as proper venue of this action is concerned, defendant occupies the same position as does a Florida citizen or a Florida corporation. It would appear to us that the mere fact that it received its corporate charter from some other state would not alter its position as an operating entity having its official headquarters and principal place of business in Florida. It can hardly be contended that suing defendant at the place of its official residence constitutes a harassment or imposition. Indeed, one of the three forums in which a plaintiff is required to institute suit against a defendant in this state is the place where the defendant resides or, if a corporation, where it has or usually keeps an office for transaction of its customary business or has an agent or other representative.[11] We do not perceive that to institute action against a corporation at the place of its headquarters and principal place of business could be held to constitute forum shopping, even though the cause of action may have accrued in a different locality. The latter factor has been held not sufficient in itself to justify either a dismissal or transfer of an action otherwise properly instituted. This is the view adopted by the Second District Court of Appeal in Fidelity and Casualty Company of New York v. Homan.[12] In that case a nonresident corporation commenced suit *802 in this state against a former partner of a Pennsylvania partnership then residing in Florida on a cause of action accruing in the State of Pennsylvania. In reversing the trial court's order dismissing the action on the ground of forum non conveniens, the District Court held that merely because the plaintiff and one of the former partners were nonresidents of the state, and the cause of action arose in a foreign jurisdiction, those factors alone were not sufficient to justify dismissal of the action brought against the remaining former partner who was then a resident of Florida over whom the trial court properly had jurisdiction.
Having reached the conclusion that the defendant in this case, under the circumstances shown by the record before us, must be considered and treated in the same manner as if it were a citizen of Florida, we hold that the doctrine of forum non conveniens is not available as a ground for dismissing the action. The judgment of dismissal appealed herein is accordingly reversed and the cause remanded for further proceedings.
Reversed.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] 45 U.S.C.A. §§ 51-00.
[2] Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.
[3] 28 U.S.C.A. § 1404.
[4] United States v. National City Lines, 334 U.S. 573, 68 S.Ct. 1169, 1171, 92 L.Ed. 1584.
[5] Pope v. Atlantic Coast Line Railroad Co., 345 U.S. 379, 73 S.Ct. 749, 97 L.Ed. 1094.
[6] Texas Gulf Sulphur Company, Inc., v. Downtown Investment Company, (Fla. App. 1966) 188 So.2d 19;

Touchton v. Atlantic Coast Line Railroad Company, (Fla.App. 1963) 155 So.2d 738;
Atlantic Coast Line Railroad Company v. Ganey, (Fla.App. 1960) 125 So.2d 576.
[7] Greyhound Corporation v. Rosart, (Fla. App. 1960) 124 So.2d 708, 712.
[8] Hagen v. Viney, 124 Fla. 747, 169 So. 391, 392, 393.
[9] Southern Railway Company v. Bowling, (Fla.App. 1961) 129 So.2d 433, 434.
[10] Southern Railway Company v. McCubbins, (Fla.App. 1967) 196 So.2d 512.
[11] F.S. §§ 47.011, 47.051, F.S.A.
[12] Fidelity and Casualty Company of New York v. Homan, (Fla.App. 1959) 116 So.2d 444.