ERVIN, Justice
(dissenting) :
Petitioner, John J. Meily, Jr., a United States citizen, entered into an employment contract with respondents Agricultural Investment Corporation, S.A. (hereinafter “AICSA”), a Panamanian corporation, and First National Investment Corporation, S.A. (hereinafter “FNICSA”), a Luxembourg company. Respondent Agri International, S.A., is incorporated under the laws of Panama and is the successor to FNICSA. Under the terms of the agreement, respondents employed petitioner as a vice-president of FNICSA and as a director of AICSA for a three-year period beginning May 1, 1970. Petitioner’s duties included the organizing and directing of a sales force “throughout the world” for this mutual fund organization.
In January 1971 the respondents attempted to -terminate this agreement via a telegram to petitioner’s London, England, address. He was instructed to “direct any communication in reference to this termination to the attention of Mr. Edward Walterman, 999 So. Bayshore Drive, Suite 501, Miami, Florida, U.S.A., and he will respond in his appointed capacity as general counsel representing [respondents] . . ” Thereupon petitioner wrote to Walterman regarding his dismissal and on June 14, 1971 filed a complaint in the circuit court for Dade County.
Respondents filed a motion to dismiss the complaint and argued the doctrine of forum non conveniens as one of the grounds for that motion. They submitted affidavits in support of their position. Petitioner responded by citing the trial court to the Miami address where the petitioner was directed to forward correspondence concerning the termination, and which appeared on the letterhead of AICSA stationery. In addition, affidavits were also submitted by former employees or agents of AICSA which depicted Miami, Florida, as that firm’s principal place of business.
In an order dated August 4, 1971, the Circuit Court dismissed the cause on the theory of forum non conveniens. An interlocutory appeal to the Third District Court of Appeal resulted in a per curiam affirm- *162 anee without opinion. A petition for writ of certiorari was filed with this Court pursuant to the provisions of Article V, Section 4, Florida Constitution, F.S.A., and Rule 4.5, subd. c of the Florida Appellate Rules, 32 F.S.A. The record proper reflects the basis for conflict jurisdiction as hereinafter discussed. We should accept jurisdiction because of conflict with the First District Court of Appeal decision in Adams v. Seaboard Coast Line Railroad Company, 224 So.2d 797 (Fla.App.1969).
In Adams, an action was brought by a resident of Georgia in a Florida circuit court against a Virginia corporation which had its principal place of business in Florida. The cause of action accrued in Georgia. The circuit court dismissed the' action on the grounds that the situs of the accident was in Georgia and that all of the witnesses were non-forum residents of that state and not amenable to compulsory process of the court. In a detailed and comprehensive opinion concerning the doctrine of forum non conveniens, the District Court of Appeal reversed that decision. In summarizing their discussion, the court stated:
“In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are non-residents, and the cause of action sued only arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce that the trial court is authorized to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met. It should be borne in mind that we are not here dealing with a mere procedural mechanic by which an action is transferred from one forum to another without prejudice to either of the parties. We are here dealing with a final judgment dismissing a complaint which has been filed in a proper forum in accordance with the venue statutes of this state, the effect of which might well be to either destroy the cause of action or greatly prejudice the rights of the plaintiff. Under these circumstances a trial court is required to exercise a much higher standard of discretion in passing upon such a motion to dismiss the action than is otherwise required in the disposition of procedural motions having a less drastic effect upon the substantive rights of the parties.” Supra, at 801. (Emphasis supplied.)
The District Court stated that although the defendant had not received its corporate charter from this state, it should be treated as a Florida citizen because it has its principal place of business here.
Although the “record proper,” as that term is used in Foley v. Weaver Drugs, 177 So.2d 221 (Fla.1965), consists of little more than a short order dismissal by the circuit court and an affirmance without opinion by the district court, for reasons which I have éxpressed in Gibson v. Maloney, 231 So.2d 823 (Fla.1970), I find conflict in the record of this cause with the Adams decision. As in the Adams case, petitioner here is not a resident of Florida, and while the respondents were not chartered in this state, they have a principal office and have carried on extensive business activities here, as evidenced by Miami letterheads on their stationery and the addresses there of members of the boards of directors and petitioner was expressly directed by respondents to correspond with their Miami attorney regarding his dismissal. While I realize that application of the doctrine of forum non conveniens is within the judicial discretion of the trial court, it should not be employed unless the inconvenience and expense placed upon a defendant “clearly and substantially outweighs the privilege of a plaintiff to choose the forum in which the suit is filed.” 8 Fla.Jur.Supp.Courts § 57. This does not appear to be a case where another forum would better serve the convenience of the parties and the ends of justice. See Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), holding American citizens should not be denied the *163 use of Florida courts in suing corporate entities whose interests, although diffused throughout the world, are nevertheless firmly entrenched within our borders.
We should be loath to deny our nationals access to the nation’s state or federal courts under the circumstances appearing here. Clear abuse appears here in denying an American citizen access to our state courts reaching constitutional proportions and creating conflict in decisions. Long-arm statutes and other modern statutes analogously point the way to concluding American citizens should not be denied the right to litigate claims in appropriate American courts where the parties sued have established venue status by having offices or transacting business within their jurisdictions. The result here is a relic of a bygone day.
The decision of the District Court of Appeal should be quashed and the cause remanded to the trial court so that the petitioner may have his day in court and the merits of his suit decided. •