327 So.2d 50 (1976)
George KILLINGSWORTH, Individually, et al., Appellants,
v.
MONTGOMERY WARD & COMPANY, and Ryder Truck Rental, Appellees.
No. 75-447.
District Court of Appeal of Florida, Second District.
February 18, 1976.
Lex M. Taylor, Jr. of Taylor & Laurent, Lakeland, for appellants.
A.H. Lane of Langston, Lane, Massey, Trohn, Clarke & Bertrand, Bartow, for appellees.
BOARDMAN, Acting Chief Judge.
Appellants/plaintiffs, all members of the George Killingsworth family, residents of Polk County, Florida, were vacationing in the State of New Mexico when the automobile in which they were riding was involved in a collision with a Ford two-ton truck operated by an employee of appellee, Montgomery Ward & Company. Appellee, Ryder Truck Rental, leased said vehicle to Montgomery Ward & Company. The appellants filed suit in Polk County for damages in this personal injury action arising out of the collision. The appellees were foreign corporations authorized to do business in Florida. No action was filed in New Mexico. Appellees filed a motion to transfer, abate or dismiss the action on the ground of forum non conveniens. After hearing, the trial court entered its order abating the action, leaving appellants to seek redress of their claimed injury in the courts of the State of New Mexico. This timely appeal from that order followed.
There was no question as to jurisdiction of the circuit court in Polk County to proceed, service of process having been accomplished upon appellees here in Florida in accordance with Section 48.081(5), Florida Statutes, which authorizes service on any corporation having a business office in the state and engaged in transaction of business therefrom. This statute provides that the cause of action does not have to arise from business within the state. See Crown Colony Club Ltd. v. Honecker, Fla.App.3d, 1974, 307 So.2d 889.
*51 The sole issue, therefore, concerns the question of whether Florida or New Mexico is the proper venue. Section 47.051, Florida Statutes, provides in essential part:
... Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. [Emphasis added].
The trial court, as stated previously herein, abated the action and in doing so applied the doctrine of forum non conveniens. While principles of this doctrine may have merit under certain peculiar factual circumstances, we find no such circumstances are present here. We are, however, persuaded by the decision of our sister court in the case of Adams v. Seaboard Coast Line R.R. Co., Fla.App.1st, 1969, 224 So.2d 797, which decided that the doctrine of forum non conveniens applies only where both parties are nonresidents and the cause of action accrued outside the state. We adopt the rationale of Adams, supra. We hold that appellants should not be denied access to their own state courts in suing corporate entities whose interests, although nationwide, are also firmly established and entrenched in their state. Further, we believe that the convenience of the parties and the ends of justice will best be served by this action being litigated in the courts of Florida. In light of the applicable statutory provision and the rationale of Adams, supra, it is clear to us that the trial court did not have authority to abate this action. We hold that the doctrine of forum non conveniens is not applicable and, consequently, the courts of this state are the proper forum.
Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
GRIMES and SCHEB, JJ., concur.