359 So.2d 858 (1978)
George Robert HOUSTON, Petitioner,
v.
James R. CALDWELL et al., Respondents.
No. 51794.
Supreme Court of Florida.
May 25, 1978.
Colson & Hicks, P.A., and Susan Goldman, Miami, for petitioner.
Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach, for respondents.
*859 Robert Orseck, of Podhurst, Orseck & Parks, Miami, for The Academy of Florida Trial Lawyers.
R.J. Beckham, of Beckham, McAliley & Proenza, Jacksonville, for United Transp. Union.
DuBose Ausley and William M. Smith, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for the Florida R.R. Ass'n, amici curiae.
HATCHETT, Justice.
Where one of the parties to a lawsuit is a resident of Florida, does a trial court have the discretion to dismiss the action by applying the doctrine of forum non conveniens? The Fourth District Court of Appeal, in its decision reported at 347 So.2d 1041 (Fla. 4th DCA 1977), answered this question in the affirmative. That holding gives us jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution (1968), because it conflicts with a long line of Florida cases which restrict the application of the doctrine of forum non conveniens to cases in which both parties to an action are nonresidents and in which the cause of action arose outside of Florida.[1] We are in agreement with these prior decisions, and answer the question in the negative.
Petitioner, Houston, a resident of North Carolina, and respondent, Caldwell,[2] a resident of Palm Beach County, Florida, were involved in an automobile collision in North Carolina resulting in injuries to petitioner. Petitioner filed suit in Palm Beach County seeking damages for the injuries arising out of the North Carolina accident. Respondent filed a Motion to Dismiss and/or Abate on the ground that the action should have been brought in North Carolina since that state is the place where the cause of action arose and where the witnesses to the accident reside. Respondent further alleged that the trial of this suit in Palm Beach County would result in undue hardship and injustice to him. The trial court ordered the action dismissed without prejudice to petitioner's right to refile this suit in a more convenient forum. The district court held that the doctrine of forum non conveniens may be applied even though one of the parties is a resident of Florida. The district court reasoned that the doctrine of forum non conveniens is based upon equitable considerations and that the trial court should evaluate all the various factors involved in a case to determine the appropriateness of applying the doctrine. The district court stated that the threshold requirements for the applicability of the doctrine should be: (1) the cause of action arose outside of the jurisdiction of the forum state, and (2) that the defendant is amenable to process in the forum in which the cause of action arose. Since, however, the respondents and the trial court failed to establish in the record that the respondent Caldwell was in fact amenable to process in North Carolina, the case was remanded to the trial court with directions to make appropriate findings of fact on that issue.
Adams v. Seaboard Coastline Railroad Co., 224 So.2d 797 (Fla. 1st DCA 1969), analyses the various Florida decisions applying the doctrine of forum non conveniens and clearly sets forth the applicable rule of law:
[T]he recognized law of this state [is] that if a transitory action is filed in a court of Florida between nonresident parties seeking to litigate a cause of action accruing in a foreign jurisdiction, the trial court is accorded a sound discretion in determining whether it should retain jurisdiction *860 of the action, or dismiss it without prejudice to the right of the plaintiff to reinstitute the action in a more appropriate and convenient forum. In the exercise of such discretion, the trial court may consider whether the filing of the action constitutes forum shopping on the part of plaintiff; whether it constitutes undue harassment of the defendant by requiring him to litigate the action in a forum remote from where it accrued or where the defendant resides or maintains a place of business; and, whether the convenience of the parties and witnesses, in the interest of justice, requires the action to be litigated in a different forum. In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are nonresidents, and the cause of action sued upon arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce and that the trial court is authorized to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met. 224 So.2d at 800-801.
The district court in the present case stated that the nonresidency of the parties should not be an essential prerequisite to the application of the doctrine of forum non conveniens, but rather, it should be merely another factor considered when evaluating the appropriateness of a motion to dismiss in favor of a more convenient forum. The district court reasoned that the rule of law set forth in Adams restricted the flexibility of this doctrine and made the considerations of justice, fairness, and convenience subservient to the single factor of the residency of the parties. The Fourth District noted that the New York courts have developed an approach more sensible than that established by prior cases in this state. In Silver v. Great American Insurance Co., 29 N.Y.2d 356, 328 N.Y.S.2d 398, 278 N.E.2d 619 (1972), the New York Court of Appeals relaxed its previous strict requirement prohibiting the doctrine of forum non conveniens from being invoked if one of the parties was a resident of that state. The New York court held that the residency factor is only one of many factors considered in determining whether or not New York is an inconvenient forum.
While we recognize that the approach presented by the district court in this case (following the New York courts) may be a reasonable policy, we decline to adopt it for several reasons. The dismissal of a suit is a drastic remedy which should be ordered only under the most compelling of circumstances. Under Florida law, the plaintiff's choice of venue is usually favored if the election is one which has been properly exercised under the applicable statutes.[3] Although an action filed in one Florida county may be transferred to another county for the convenience of parties, or of witnesses, or in the interest of justice, the courts of this state are without similar authority to transfer a suit to a forum in another state. Although under the district court's position it is essential for a trial court to make a finding that the defendant is amenable to process in the more convenient forum prior to entering a motion to dismiss, such a determination by the trial court does not have a binding effect on the courts of the more convenient forum. In addition, the question of amenability of the *861 defendant to process in another state may often times be quite complicated, and its resolution may involve great expenditure of judicial labor. In comparison, the rule of law as set forth in Adams, although less flexible, is just, is serving well, and is easier to apply. If venue has been properly established because one of the parties is a resident of this state, then the suit may not be dismissed because another state may be more appropriate. We believe the certainty of resolution of the dispute outweighs the possible benefits achieved by dismissal in favor of a more convenient forum. This state has a fundamental interest in resolving controversies involving its citizens. In light of this disposition, we need not treat constitutional issues urged by the parties.[4]
Accordingly, we hold that the doctrine of forum non conveniens is inapplicable to any suit properly filed in this state where either party is a resident of Florida. The decision of the Fourth District Court of Appeal is quashed and remanded for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, Acting C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Killingsworth v. Montgomery Ward & Co., 327 So.2d 50 (Fla. 2nd DCA 1976); Ganem v. Issa, 225 So.2d 564 (Fla. 3d DCA 1969); Adams v. Seaboard Coast Line Railroad Co., 224 So.2d 797 (Fla. 1st DCA 1969); Atlantic Coast Line Railroad Co. v. Ganey, 125 So.2d 576 (Fla. 3d DCA 1960).
[2] Respondent's insurance carrier, Aetna Insurance Company, is also a party to this action.
[3] As noted in Greyhound Corp. v. Rosart, 124 So.2d 708 (Fla. 3d DCA 1960):

In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by the defendant. Doonan v. Poole, Fla.App. 1959, 114 So.2d 504. See Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748; Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; Peterson v. Kirk, Fla.App. 1958, 103 So.2d 656. To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions. (footnotes omitted) 124 So.2d at 712.
[4] The amicus curiae brief filed by United Transportation Union argues that Article I, Section 21, Fla. Const. (1968) which states "the courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay," precludes the application of the doctrine to dismiss any litigation involving a citizen of Florida.