362 So.2d 17 (1978)
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Petitioner,
v.
Myrtice Mae SWAIN, As Personal Representative of the Estate of Gerney Lee Swain, Deceased, and Myrtice Mae Swain, a Widow, Respondent.
No. 52060.
Supreme Court of Florida.
July 28, 1978.
Rehearing Denied September 27, 1978.
Joseph P. Milton and Robert E. Warren of Toole, Taylor, Moseley, Milton & Joyner, Jacksonville, for petitioner.
Beckham, McAliley & Proenza, Jacksonville, and Robert Orseck of Podhurst, Orseck & Parks, Miami, for respondent.
DuBose Ausley and William M. Smith of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Fla. Railroad Ass'n, amici curiae.
HATCHETT, Justice.
By Petition for Writ of Certiorari, Seaboard Coast Line Railroad Company requests this court to review a decision of the First District Court of Appeal, reported at 347 So.2d 138 (Fla. 1st DCA 1977), on the basis of a conflict with the decision in Houston v. Caldwell, 347 So.2d 1041 (Fla. 4th DCA 1977). We have jurisdiction pursuant to Article V, Section 3(b)(3). We affirm.
Respondent brought a wrongful death action against petitioner in Duval County Circuit *18 Court for the wrongful death of her husband resulting from injuries he sustained in a railroad crossing accident in Ware County, Georgia. Respondent is a resident of Ware County, Georgia. The trial court denied petitioner's motion to dismiss, which urged the application of forum non conveniens, under authority in Adams v. Seaboard Coast Line Railroad Co., 224 So.2d 797 (Fla. 1st DCA 1969). The court in Adams and in the present case recognized that petitioner's principal place of business is Jacksonville, Duval County, Florida. Under Adams and other similar Florida decisions, a case may be dismissed from the Florida courts in favor of a more convenient forum in another state only where none of the parties involved in the suit are residents of this state. If a suit is filed in Florida between non-resident parties seeking to litigate a cause of action accruing in a foreign jurisdiction, a trial court is accorded a sound discretion in determining whether it should retain jurisdiction of the action, or dismiss it without prejudice to the plaintiff's right to reinstitute the action in a more appropriate and convenient forum.
Our recent opinion in Houston v. Caldwell, 359 So.2d 858 (Fla. 1978), approved the applicable rule of law as set forth in Adams. Therefore, we affirm the decision of the First District Court.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.