363 So.2d 194 (1978)
Roberto SEMPE et al., Appellants,
v.
COORDINATED CARIBBEAN TRANSPORT, INC., et al., Appellees.
No. 77-1190.
District Court of Appeal of Florida, Third District.
October 17, 1978.
*195 Billings, Frederick, Wooten & Honeywell and Philip H. Blackburn, Orlando, for appellants.
Daniels & Hicks and Sam Daniels, Thornton, Conroy & Herndon and John Edward Herndon, Jr., Miami, for appellees.
Before HENDRY, J., and CHARLES CARROLL (Ret.), and PARKER, J. GWYNN (Ret.), Associate Judges.
HENDRY, Judge.
The primary point for our determination in this appeal is whether the Circuit Court of Dade County erred in dismissing these six consolidated cases on the ground of forum non conveniens.
The causes of action dismissed were actions in negligence brought by appellants against appellees for the wrongful death of three of the parties and for serious injuries caused to the other parties when appellees' tractor-trailer collided with the automobile in which the deceased and the injured parties were riding on a public highway in the Republic of Honduras on July 8, 1972.
Appellee, Coordinated Caribbean Transport, Inc. is a New York corporation. It has executive offices in New York City and its main base of operation in the United States is in Miami, Florida. Appellee Rock Island Motor Transit Company, is an Iowa corporation, conducting business in the State of Florida. Appellee, The American Motorist Insurance Co., is an Illinois corporation.
At the time of the accident all of the deceased and injured parties, except Roberto Sempe, were living in Honduras. Roberto was living in North Carolina where he was attending college.
Service was duly made upon the appellees in Dade County, Florida.
Following lengthy proceedings for pleadings and discovery, the causes became at issue. On September 28, 1976, the trial judge entered an order for pretrial conference. During the conference, upon motion of the appellees, an order was entered dismissing all of the causes of action on the ground of forum non conveniens. Additionally, the trial judge dismissed the three wrongful death actions upon a second ground, i.e., that the alleged administrator of the estate of Exalon Antonio Silva had no capacity to maintain the cause of action in this state. As to wrongful death case no. 74-19308, the trial judge further ruled that the non-appearance of Felicina Raudales Amador Silva, wife of the deceased, at her deposition mandated a dismissal of the case.
*196 The order of dismissal is set forth fully as follows:
"THIS CAUSE CAME ON TO BE HEARD on the Motion of the Defendants. After hearing argument of counsel, completely reviewing the files, including the depositions, exhibits and affidavits and being otherwise fully advised in the premises, it is
"ORDERED AND ADJUDGED
"1. Case No. 74-19308, wherein Feliciana Raudales Amador Silva, individually and as wife of Exalon Antonio Silva, Deceased; Luis Antonio Silva Raudales; Alma Criolla Silva Raudales; Ronal Silva Raudales; Ixain Silva Zuniga; Saulo Silva Zuniga; Noe Silva Zuniga; minor children by and through their mother and next friend, Felicina Raudales Amador Silva and Walter Camoriano, as Administrator of the Estate of Exalon Antonio Silva, Deceased are Plaintiffs and Coordinated Caribbean Transport, Inc., a New York corporation; Pablo Dominguez Leiva; Rock Island Motor Transit Company, an Iowa corporation; and The American Motorists Insurance Co., an Illinois corporation are Defendants, is hereby dismissed for failure of Felicina Raudales Amador Silva to present herself for deposition; on the further ground that Walter Camoriano, the alleged Administrator of the Estate of Exalon Antonio Silva, deceased, has no capacity to maintain this action and on the doctrine of forum non conveniens.
"2. Case No. 74-19306, wherein Isabel Agurcia Sempe, as parent and natural guardian of Fernando Sempe, deceased and Walter Camoriano, as administrator of the Estate of Fernando Sempe, deceased, are plaintiffs and Coordinated Caribbean Transport, Inc., a New York corporation, Pablo Dominguez Leiva, Rock Island Motor Transit Company, an Iowa Corporation and The American Motorists Insurance Company, an Illinois corporation, are defendants, as well as Case No. 74-19307 wherein Isabel Agurcia Sempe, as wife of Rene Sempe, and Walter Camoriano as administrator of the Estate of Rene Sempe are Plaintiffs and Coordinated Caribbean Transport, Inc., a New York corporation; Pablo Dominguez Leiva; Rock Island Motor Transit Company, an Iowa corporation, and The American Motorists Insurance Company, an Illinois corporation, are Defendants, are dismissed since the alleged personal representative, Walter Camoriano has no capacity to maintain these actions and on the doctrine of forum non conveniens.
"3. The remaining cases, Case No. 73-14773, wherein Javier Olachea is plaintiff, Case No. 73-13024, wherein Roberto Sempe is plaintiff, Case No. 73-13019, wherein Jose Mario Diaz is plaintiff, and the Defendants are Coordinated Caribbean Transport, Inc., a New York corporation, Rock Island Motor Transit Company, Inc., an Iowa corporation, and The American Motorists Insurance Co., an Illinois corporation are hereby dismissed because of the doctrine of forum non conveniens. All of the plaintiffs, including the personal representative and all of the beneficiaries are residents and citizens of Honduras. All of the witnesses for the plaintiff with the exception of some medical witnesses in New Orleans, Louisiana and one medical witness in Miami, Florida, are residents and citizens of the Republic of Honduras. All of the witnesses of the defendants are residents and citizens of the Republic of Honduras. The accident took place in the Republic of Honduras. The cost of bringing these witnesses to Miami, Florida for a trial expected to last at least two weeks would be prohibitively expensive. The parties cannot compel the attendance of witnesses and this court would not have any contempt powers over the witnesses. Most of the witnesses speak only Spanish, the official language of the Republic of Honduras. Most of the medical reports and bills and other documentary evidence are in the official language of the Republic of Honduras. The personal representative would have capacity to sue in the Republic of Honduras. All of the cases can be brought in the Republic of Honduras. *197 Therefore, based upon the decision of Southern Railway Company v. McCubbins, Fla.App. 1967, 196 So.2d 512 and Faulkner v. Varig, Fla.App. 1969, 222 So.2d 805, these cases are dismissed based upon the doctrine of forum non conveniens."
The able trial judge has set forth sound reasons why the trial of these cases should be held in Honduras. However, his ruling is not in accord with a long line of Florida cases which restrict the application of the doctrine of forum non conveniens to cases in which neither party to an action is a resident of Florida and in which the causes of action arose outside of Florida.
In Adams v. Seaboard Coastline Railroad Co., 224 So.2d 797, 800 (Fla. 1st DCA 1969) the court discussed the various Florida decisions applying the doctrine of forum non conveniens. The applicable rule of law as stated therein is as follows:
"[T]he recognized law of this state [is] that if a transitory action is filed in a court of Florida between nonresident parties seeking to litigate a cause of action accruing in a foreign jurisdiction, the trial court is accorded a sound discretion in determining whether it should retain jurisdiction of the action, or dismiss it without prejudice to the right of the plaintiff to reinstitute the action in a more appropriate and convenient forum. In the exercise of such discretion, the trial court may consider whether the filing of the action constitutes forum shopping on the part of plaintiff; whether it constitutes undue harassment of the defendant by requiring him to litigate the action in a forum remote from where it accrued or where the defendant resides or maintains a place of business; and, whether the convenience of the parties and witnesses, in the interest of justice, requires the action to be litigated in a different forum. In the ultimate, however, it is seen that the application of the doctrine of forum non conveniens is restricted to the limited category of cases in which both parties to the action are nonresidents, and the cause of action sued upon arose in a jurisdiction outside of Florida. It is only after these two factors emerge and coalesce that the trial court is authorized to proceed to a determination of whether the criteria necessary to bring into play the doctrine of forum non conveniens have been met."
In the recent decision of Houston v. Caldwell, 359 So.2d 858, (Fla. 1978), our Supreme Court adopted the rationale and holding in Adams, supra. Insofar as venue is concerned, appellees occupy the same position as does a Florida citizen or a Florida corporation. It can hardly be contended that suing appellees at the place of its official headquarters and principal place of business in Florida is an imposition. Therefore, we hold that the doctrine of forum non conveniens is not available as a ground for dismissal of these actions.
In response to the other reasons given in support of the order of dismissal, it is our opinion that based upon the facts sub judice, the administrator of the estate of Silva has the capacity to maintain the cause of action in this state. As for the non-appearance of Felicina Raudales Amador Silva for deposition, it is our opinion that dismissal of case no. 74-19308 was improper in that other plaintiffs were involved in that suit. Nevertheless, we feel that dismissal as to Felicina in her individual capacity might be proper and we therefore remand that portion of the order of dismissal with directions to hold a hearing on that issue.
Accordingly, the order of dismissal is hereby reversed and remanded with directions to hold a hearing and determine whether suit should be dismissed as to Felicina, individually.