SCHWARTZ, Chief Judge
(specially concurring).
I concur in the affirmance of the determination below that forum non conveniens does not apply to this case, but only because one of the two corporate defendants, which jointly moved for dismissal on that basis, is a Florida corporation and has its principal place of business here. Because the issue is not before us, it is unnecessary to consider whether the holding in Houston v. Caldwell, 359 So.2d 858 (Fla.1978), which precludes the doctrine when either party is a “resident” of Florida, applies when a foreign corporation is only doing business in this state — as opposed to maintaining its headquarters or principal place of business here, as was the case in Adams v. Seaboard Coast Line R. Co., 224 So.2d 797 (Fla. 1st DCA 1969), which was adopted and followed in Houston, and in the post-Houston decision, involving the same corporation, of Seaboard Coast Line R. Co. v. Swain, 362 So.2d 17 (Fla.1978). Thus, although I acknowledge severe doubts about the question, I express no direct opinion as to whether Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla.1979), to the uncertain extent that it indicates that the two concepts are equivalent, was correctly decided.[1]

. In holding that "[i]t can hardly be contended that suing appellees at the place of its official headquarters and principal place of business in Florida is an imposition,” 363 So.2d at 197 [e.s.], Sempe seems, perhaps erroneously, to have equated Florida as the principal place of all the corporation's business (Seaboard’s national headquarters is in Jacksonville), with the county which is the principal location of whatever business a company carries on within the state, even if its Florida activities are only a small part of the whole.