490 So.2d 216 (1986)
Dorothy NYLUND, Appellant,
v.
MOTEL 6, INC., a Foreign Corporation, Appellee.
No. 85-2167.
District Court of Appeal of Florida, Fourth District.
June 25, 1986.
Steven S. Farbman of Law Office of David W. Singer, P.A., Hollywood, for appellant.
Ronald E. Solomon of Solomon, Murphy & Cote, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse an order granting a motion to dismiss for improper venue.
The appellant is a Florida resident injured in one of appellee's motels in California. It is undisputed that there is jurisdiction over the appellee and that its resident agent which was served, is located in Broward County. It is not suggested that any other Florida county would be a more appropriate forum.
An action against a foreign corporation, over which Florida courts have jurisdiction, is properly brought in a county where the corporation has an agent. § 47.051, Florida Statutes (1985). Therefore, venue is proper in Broward County. Walt Disney World v. Leff, 323 So.2d 602 (Fla. 4th D.C.A. 1975); Cleveland Compania Martima v. Logothetis, 378 So.2d 1336 (Fla. 2d D.C.A. 1980).
In addition, the doctrine of forum non conveniens may not be used to deprive Florida of jurisdiction where, as in this case, the plaintiff is a Florida resident. Houston v. Caldwell, 359 So.2d 858 (Fla. 1978); Ryder Truck Rental Inc. v. Ray, 418 So.2d 294 (Fla. 3rd DCA 1982).
Accordingly, the order dated September 10, 1985 is reversed and this case is remanded to the trial court with instructions to reinstate the complaint.
GLICKSTEIN and GUNTHER, JJ., concur.