531 So.2d 249 (1988)
Brigitte OBOUSSIER-LOWE, Appellant,
v.
KUEHNE & NAGEL (A.G. & CO.), Etc., Appellee.
No. 88-116.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
Michael J. Appleton of Lowe & Appleton, P.A., Orlando, for appellant.
George Mencio, Jr. and William F. Duane of Holland & Knight, Miami, for appellee.
DANIEL, Judge.
Brigitte Oboussier-Lowe (Lowe) appeals an order dismissing her suit against Kuehne & Nagel (Kuehne) on the doctrine of forum non conveniens.
According to the complaint, Lowe and Kuehne orally agreed in Germany that Kuehne would pack and transport eleven boxes of antique china and dishes and other items of furniture and paintings from Hamburg, West Germany, to Lowe's residence in Maitland, Florida. Lowe returned home and thereafter her sister, in Lowe's behalf, signed formal papers relative to the shipment. The complaint further alleges that only six boxes arrived and that some of the paintings and antique furniture were damaged as a result of Kuehne's negligent handling.
Kuehne moved for summary judgment and, in the alternative, for dismissal without prejudice on forum non conveniens grounds. The trial court held that the case was controlled by German law and should *250 be decided in Germany and dismissed the complaint based on the doctrine of forum non conveniens. We reverse.
In Florida, the doctrine of forum non conveniens has application only where both the plaintiff and the defendant are nonresidents and the cause of action arose in a jurisdiction outside of Florida. Seaboard Coast Line Railroad Company v. Swain, 362 So.2d 17 (Fla. 1978); Houston v. Caldwell, 359 So.2d 858 (Fla. 1978); Nylund v. Motel 6, Inc., 490 So.2d 216 (Fla. 4th DCA 1986); Armadora Naval Dominicana, S.A. v. Garcia, 478 So.2d 873 (Fla. 3d DCA 1985); Ryder Truck Rental, Inc. v. Ray, 418 So.2d 294 (Fla. 3d DCA 1982); Adams v. Seaboard Coast Line Railroad Company, 224 So.2d 797 (Fla. 1st DCA 1969).
Kuehne argues that this rule should not apply because Lowe was merely a third party beneficiary of a contract between a German corporation and a German resident (Lowe's sister). Kuehne argues that Lowe must "step in the shoes" of her sister and therefore the action is really between two German nationals. This argument is without merit. According to the pleadings and documents before the trial court, the sister merely acted as Lowe's agent in formalizing the agreement already entered into between Kuehne and Lowe. Lowe was therefore proceeding in her own right and her cause of action was not derivative in nature.[1]
In addition, we point out that our supreme court has declined to adopt the "balancing of the conveniences" test where the plaintiff is a Florida resident, as is the case here. Thus, while there may be factors and conveniences which weigh in favor of Kuehne, we must follow supreme court precedent and cannot apply the doctrine of forum non conveniens here. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Kuehne also argues that, even assuming the trial court to be in error on the forum non conveniens question, the dismissal should be affirmed on the grounds asserted in its motion for summary judgment. These grounds include 1) that the evidence established that Kuehne never received the missing items; 2) that the action is barred under German law; 3) that the action is barred under the Carriage of Goods by Sea Act; and 4) that venue is proper only in Dade County where Kuehne's agent is located.
This argument is without merit. The factual matters asserted are disputed and therefore are not the proper subject of a summary judgment. The other grounds are not yet properly before this court[2] and cannot be considered at this time. See City of Miami v. Aeroland Oil Company, 196 So.2d 31 (Fla. 3d DCA 1967).
REVERSED and REMANDED for further proceedings.
SHARP, C.J., and COWART, J., concur.
NOTES
[1] Having determined that Lowe's action was not derivative in nature, we do not reach the outcome had it been, in fact, derivative.
[2] The trial judge entered an order dismissing the case without prejudice to refiling in Germany and did not enter summary judgment in favor of Kuehne.