578 So.2d 319 (1991)
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Anneliese SCHWENDEMANN, et al., Appellees.
No. 90-2490.
District Court of Appeal of Florida, Third District.
March 19, 1991.
Rehearing Denied May 1, 1991.
Rumberger Kirk Caldwell Cabaniss Burke & Wechsler, and Wendy F. Lumish, Miami, for appellant.
Anderson Moss Parks & Russo, Hicks Anderson & Blum, and Bambi Blum, Miami, for appellees.
Mershon Sawyer Johnston Dunwody & Cole, and Edward T. O'Donnell, Miami, for Product Liability Advisory Council, as amici curiae.
Podhurst Orseck Josefsberg Eaton Meadow Olin & Perwin, Miami, for Academy of Florida Trial Lawyers, as amici curiae.
*320 Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
PER CURIAM.
As was correctly held below, it is established Florida law that, even though the cause of action sued upon arose in a foreign state or nation, the doctrine of forum non conveniens does not apply as a matter of law, when, as here, the principal place of business of the defendant corporation is in this state. Seaboard Coast Line R.R. Co. v. Swain, 362 So.2d 17 (Fla. 1978); Houston v. Caldwell, 359 So.2d 858 (Fla. 1978); Transportes Aeros Mercantiles Pan Americanos v. Calderon, 480 So.2d 125 (Fla. 3d DCA 1985) (Schwartz, C.J., specially concurring); Adams v. Seaboard Coast Line R.R. Co., 224 So.2d 797 (Fla. 1st DCA 1969); see Oboussier-Lowe v. Kuehne & Nagel (A.G. & Co.), 531 So.2d 249 (Fla. 5th DCA 1988); Tropigas, S.A. v. Anderson, 447 So.2d 338 (Fla.3d DCA 1984), pet. for review dismissed, 453 So.2d 45 (Fla. 1984), cert. denied, 469 U.S. 1074, 105 S.Ct. 568, 83 L.Ed.2d 509 (1984); Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194 (Fla.3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979).
Affirmed.
SCHWARTZ, C.J., and GERSTEN, J., concur.
FERGUSON, Judge (concurring).
This action arises out of an aircraft crash in Munich, Germany, which killed three occupants of the plane, nine people on the ground, and injured twenty-seven others on the ground. The decedents, their survivors, and the persons injured are all German citizens who reside in Germany. The eyewitnesses, investigators, and medical witnesses also reside in Germany.
Four of the decedents' estates and four of the injured persons, including the appellee, filed wrongful death and personal injury actions against Piper, the plane's manufacturer, in Dade County, Florida. Piper, a Pennsylvania corporation, moved its principal place of business to Florida after the fatal crash.
I concur in the result because it is consistent with this court's decision in Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194 (Fla. 3d DCA 1978), cert. den., 372 So.2d 467 (Fla. 1979), and a more recent fifth district decision, Oboussier-Lowe v. Kuehne & Nagel (A.G. & Co.), 531 So.2d 249 (Fla. 5th DCA 1988). In the leading cases of the Supreme Court of Florida, Houston v. Caldwell, 359 So.2d 858 (Fla. 1978) and Seaboard Coast Line R.R. Co. v. Swain, 362 So.2d 17 (Fla. 1978), the issue of whether the forum non conveniens doctrine applies where a party is a resident of the locality where the suit was filed, arose in the factual framework of a choice between two or more states or counties within the continental United States. Although both Sempe and Oboussier-Lowe cite Houston and Swain as authority for their holding, the Supreme Court of Florida has never decided whether the rule of those cases would apply where all the plaintiffs are citizens of a foreign country where the accident occurred.
I write separately only to note that the construction of Houston and Swain given by the third and fifth districts is different from federal law. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (foreign plaintiff's choice of forum in action against domestic manufacturer not conclusive; court must balance private and public interests).