591 So.2d 1021 (1991)
NATIONAL RIFLE ASSOCIATION OF AMERICA, Appellant,
v.
LINOTYPE COMPANY, Appellee.
No. 91-1285.
District Court of Appeal of Florida, Third District.
December 24, 1991.
Rehearing Denied February 4, 1992.
Thornton, David, Murray, Richard & Davis and Kathleen M. O'Connor, Miami, for appellant.
Shearman & Sterling and Werner L. Polak, New York City; Lee, Schulte & Murphy and Rebecca Greer Tanner, Miami, for appellee.
*1022 Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
The final order under review dismissing the instant action based on the common law doctrine of forum non conveniens is affirmed based on a holding that the cause of action sued upon did not arise in Florida and neither the plaintiff National Rifle Association nor the defendant Linotype Company are residents of the State of Florida. Contrary to the plaintiff's argument, the fact that the defendant as a foreign corporation was qualified to do business in Florida under Section 607.1505, Florida Statutes (Supp. 1990), does not make the defendant a resident of Florida for forum non conveniens purposes where, as here, the defendant's principal place of business or corporate headquarters is not in Florida.[1] As stated by Judge Edward Klein in the order under review:
"As to the question posed in this case, this Court takes guidance from the special concurring opinion in Transportes Aeros Mercantiles v. Calderon, 480 So.2d 125 (Fla. [3d DCA] 1985). There, Chief Judge Schwartz stated:
`I concur in the affirmance of the determination below that forum non conveniens does not apply to this case, but only because one of the two corporate defendants, which jointly moved for dismissal on that basis, is a Florida corporation and has its principal place of business here. Because the issue is not before us, it is unnecessary to consider whether the holding in Houston v. Caldwell, 359 So.2d 858 (Fla. 1978), which precludes the doctrine when either party is a "resident" of Florida, applies when a foreign corporation is only doing business in this state  as opposed to maintaining its headquarters or principal place of business here, as was the case in Adams v. Seaboard Coast Line R. Co., 224 So.2d 797 (Fla. 1st DCA 1969), which was adopted and followed in Houston, and in the post-Houston decision, involving the same corporation of Seaboard Coast Line R. Co. v. Swain, 362 So.2d 17 (Fla. 1978). Thus, although I acknowledge severe doubts about the question, I express no direct opinion as to whether Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979), to the uncertain extent that it indicates that the two concepts are equivalent, was correctly decided.'
480 So.2d at 126.
This Court shares the doubt expressed in that opinion that the concept of `doing business' is equivalent to maintaining a headquarters or principal place of business in a state sufficient to establish a corporation as a `resident' for forum non conveniens purposes. To equate the two would force our courts to retain causes of action arising elsewhere, having no connection whatsoever with the state of Florida, and would encourage potential plaintiffs to use the Florida courts to sue any sizeable corporation doing some business in Florida even though the cause of action has nothing to do with the state. Our overburdened courts should have greater discretion in determining whether a cause of action accruing outside of Florida should be maintained here."
R.401-02.
We further find no abuse of discretion in the trial court's finding that Florida was an inappropriate and inconvenient forum for the determination of the action sued upon.[2] As stated by Judge Klein in the order under review:

*1023 "Where, as here, the great majority of potential witnesses are located in New York and Washington, D.C., dismissal under the circumstances is appropriate. This Court is not persuaded that the persons involved in the sale of the prototype LGS to another purchaser are the `crucial' witnesses, as the NRA claims. Likewise, since all the relevant documents are located in New York or Washington, D.C., the interest of justice also is served by using the courts in New York or Washington, D.C. because of the easier access to proof. The mere fact that plaintiff's counsel is a resident here is not sufficient to retain the action here."
R.404-05.
Affirmed.
NOTES
[1] Houston v. Caldwell, 359 So.2d 858 (Fla. 1978); Moliver v. Avianca, Inc., 580 So.2d 787 (Fla. 3d DCA 1991); Southern Ry. v. McCubbins, 196 So.2d 512 (Fla. 3d DCA 1967); Adams v. Seaboard Coast Line R.R., 224 So.2d 797 (Fla. 1st DCA 1969); cf. National Aircraft Serv., Inc. v. New York Airlines, Inc., 489 So.2d 38 (Fla. 4th DCA 1986).
[2] Mitsubishi Elec. Sales America, Inc. v. Refriaire Int'l Corp. N.V., 538 So.2d 982 (Fla. 3d DCA 1989); see Armadora Naval Dominicana, S.A. v. Garcia, 478 So.2d 873 (Fla. 3d DCA 1985); cf. Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983).