603 So.2d 655 (1992)
Jack Scott MURDOCH, et al., Appellants,
v.
A.P. GREEN INDUSTRIES, INC., et al., Appellees.
No. 91-2977.
District Court of Appeal of Florida, Third District.
August 11, 1992.
Robles & Gonzalez and Ervin Gonzalez, Miami, for appellants.
Spohrer, Wilner, Marees & Maxwell and Norwood Wilner, Jacksonville, Kubicki, Draper, Gallagher & McGrane and Gail Leverett, Miami, for appellees.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
Jack Scott Murdoch and his wife Gloria Murdoch, plaintiffs below, appeal the entry of the trial court's order dismissing their action against several asbestos manufacturers based on the doctrine of forum non conveniens, and denying them leave to amend their complaint. We reverse both orders.
It is established Florida law that "a case may be dismissed from the Florida courts in favor of a more convenient forum in another state only where none of the parties involved in the suit are residents of this state." Seaboard Coast Line R.R. v. Swain, 362 So.2d 17, 18 (Fla. 1978) (emphasis added); see also Houston v. Caldwell, 359 So.2d 858, 861 (Fla. 1978); Piper Aircraft Corp. Schwendemann, 578 So.2d 319, 320 (Fla. 3d DCA 1991); Sempe v. Coordinated Caribbean Transport, Inc., 363 So.2d 194, 197 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979). In the instant case, the record reflects that at least one of the defendant corporations has its principal place of business in Florida. Therefore, it was inappropriate for the trial court to dismiss the case on forum non conveniens grounds.
Additionally, the trial court erred in denying the plaintiffs' motion for leave to amend their complaint. At this early point in the proceeding, justice requires that the plaintiffs be given leave to amend their complaint because it has not been shown that they have abused the amendment privilege and the deficiency in the complaint is one which can be cured by an amendment. Montero v. Compugraphic Corp., 531 So.2d 1034, 1036 (Fla. 3d DCA 1988); Bowen v. Aetna Life and Casualty Co., 512 So.2d 248, 250 (Fla. 3d DCA 1987).
Accordingly, we reverse the orders under appeal and remand with directions to grant *656 leave to all parties to amend their pleadings.