641 So.2d 195 (1994)
The CONTINENTAL INSURANCE COMPANY, Appellant,
v.
KINNEY SYSTEM, INC., Appellee.
No. 93-2854.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
*196 Raoul G. Cantero, III of Adorno & Zeder, P.A., Miami, for appellant.
Arthur J. England, Jr. and Charles M. Auslander of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellee.
PER CURIAM.
The trial court applied the common law doctrine of forum non conveniens in dismissing this breach of contract action brought by appellant Continental Insurance Company in Broward County, finding it an inconvenient forum. The claim is for payment of premiums allegedly due under a worker's compensation insurance policy issued to Kinney, in which the premiums are based, retrospectively, on claims experience in several states, including Florida. We reverse.
Continental is a New Hampshire corporation with its principal place of business in New Jersey, and Kinney is a Delaware corporation having its principal place of business in New York. Continental is registered to do business in Florida and both corporations conduct business in this state. Continental has a claims office in Fort Lauderdale and Kinney has a regional office and operates parking garages in Dade County.
The established law in Florida is that a court has discretion to apply the doctrine of forum non conveniens only in those cases in which both parties to the action are nonresidents of Florida and the cause of action arose outside Florida. Houston v. Caldwell, 359 So.2d 858, 861 (Fla. 1978); Adams v. Seaboard Coast Line R.R. Co., 224 So.2d 797, 801 (Fla. 1st DCA 1969).[1]
Although the alleged breach clearly accrued outside of Florida, Continental was, and arguably both corporations were, Florida "residents," for forum non conveniens purposes, under this court's binding precedent in National Aircraft Service, Inc. v. New York Airlines, Inc., 489 So.2d 38 (Fla. 4th DCA 1986). In that case, we held that "foreign corporations licensed to do business in Florida, with a place of business in Florida cannot be prevented from pursuing a cause of action in Florida courts based upon the doctrine of forum non conveniens." 489 So.2d at 39 (emphasis added). See also Waite v. Summit Leasing & Capital Int'l Corp., 441 So.2d 185 (Fla. 4th DCA 1983) (considering partnership with Denver headquarters as Florida resident for forum non conveniens purposes because firm had office in Broward county and one partner lived in Broward).
We recognize that the Third District has reached a contrary conclusion, requiring that a foreign corporation have its principal place of business or headquarters in Florida in order to be considered resident here for forum non conveniens purposes. See National Rifle Ass'n of America v. Linotype Co., 591 So.2d 1021 (Fla. 3d DCA 1991). There, the court reasoned that overburdened courts of this state should have discretion to determine whether a cause of action accruing outside Florida should be maintained in a Florida court when the foreign corporation's act of doing business in Florida is the only connection *197 with the state. We also recognize that Florida may be in the minority in precluding a court from considering the doctrine when any party is a Florida resident. See, e.g., Alcoa S.S. Co. v. M/V Nordic Regent, 654 F.2d 147, 155 n. 10 (2d Cir.1980) ("[a]pparently the only state where the court of last resort has continued to reject the doctrine as a matter of common law is Florida"), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).
Following our own precedent, we reverse the dismissal below, as the trial court had no discretion to apply the doctrine. However, we acknowledge conflict with the holding in National Rifle Ass'n and certify the following question as one of great public importance:
Is a trial court precluded from dismissing an action on the basis of forum non conveniens where one of the parties is a foreign corporation that:
(a) is doing business in Florida?
(b) is registered to do business in Florida?
(c) has its principal place of business in Florida?
DELL, C.J., STONE, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.
NOTES
[1] Note: We are referring to transfers to foreign jurisdictions and not to transfers pursuant to section 47.122, Fla. Stat.