PER CURIAM.
Appellants appeal a dismissal based upon forum, non conveniens and a summary judgment based upon immunity under foreign law. We affirm in part and vacate in part.
This case arises out of a fire deliberately started on a Bahamian registered ship operating as a ferry between Norway and Denmark. The trial court determined that Bahamian law applied and conferred immunity from suit upon appellees.
The trial court further determined that the case should be dismissed on forum non con-veniens grounds, especially where here ap-pellees agreed: 1) to waive the statute of limitations defense; 2) to submit to the jurisdiction of the Norwegian or Danish courts, and make their agents and documents available; and, 3) to satisfy any adverse Norwegian or Danish judgment.
We agree with the trial court that as a matter of Florida law, forum non conveniens applies in this admiralty action where there are insignificant Florida contacts. See American Dredging Co. v. Miller, — U.S. -, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); National Rifle Ass’n v. Linotype Co., 591 So.2d 1021 (Fla. 3d DCA 1991). This is particularly true where almost all relevant witnesses and documents are located in Scandinavia, and where almost all plaintiffs are Scandinavian. We reject appellants’ contention that Houston v. Caldwell, 359 So.2d 858 (Fla.1978), controls this venue issue and agree with the trial court that Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), are controlling.
We vacate, however, the trial court’s order of summary judgment on the issue of immunity from suit under Bahamian law leaving that issue to be decided in another forum.
We therefore affirm the trial court’s order of dismissal on forum non conveniens grounds and vacate that portion of the order granting summary judgment based on Bahamian law.
Affirmed in part and vacated in part.
NESBITT and GERSTEN, JJ., concur.