ON REMAND FROM SUPREME COURT

PER CURIAM.
Continental Insurance Co. (Continental) sued Kinney System, Inc. (Kinney) in Bro-ward County. The trial court dismissed on forum non conveniens grounds, because neither party was a Florida corporation and the cause of action accrued outside of Florida. This court reversed, recognizing that a corporation registered to do business in Florida, with an office in Florida, is a Florida resident, and citing Florida Supreme Court decisions precluding application of the doctrine of *512 forum non conveniens if any party is a Florida resident. We certified the question to the Florida Supreme Court. Continental Ins. Co. v. Kinney Sys., Inc., 641 So.2d 195 (Fla. 4th DCA1994).
The supreme court subsequently receded from prior law and adopted the federal approach to forum non conveniens, applying a four-part analysis, which it restated as rule 1.061, Florida Rules of Civil Procedure. It remanded the case to this court to determine whether the trial court properly applied the federal doctrine. Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
The procedure adopted by the supreme court permits the trial court to dismiss an action on forum non conveniens grounds after making several findings, and ensuring that the action can be re-instituted in another forum.
First, the trial court must find that an alternate forum exists and has jurisdiction. Fla. R. Civ. P. 1.061(a)(1). In the instant ease, the court’s order on the motion to dismiss included a finding that the cause of action accrued in New York and that justice would be served by litigating the matter there, where Kinney was amenable to service of process.
Second, the trial court must find that the “private interest” factors in favor of the alternate forum — access to evidence, sites, and witnesses, enforcement of judgments, practicalities, and expense — outweigh the presumption against disturbing the plaintiffs choice of forum. Fla. R. Civ. P. 1.061(a)(2). During the hearing on the motion to dismiss, the trial court did consider where the witnesses were. It appeared that Kinney was going to assert, as a counterclaim or affirmative defense, that it refused to pay additional premiums because of Continental’s deficient handling of four claims, two of which arose in Florida. In granting the motion, the trial court did not make any findings concerning this factor.
Third, if the private interests do not weigh in either direction, the court must find that public interest factors tip the balance in favor of the alternate forum. Fla. R. Civ. P. 1.061(a)(3). Here, the trial court did make a finding that the cause of action accrued in New York and “the interests of justice would be better served by litigating this matter in New York.”
Finally, the trial court must ensure that the suit can be reinstated in the alternate forum without undue prejudice or inconvenience to the plaintiff. Fla. R. Civ. P. 1.061(a)(4). The supreme court’s opinion held that every motion for forum non conve-niens dismissal would be deemed to include the moving party’s stipulations that the action would be treated as filed in the new forum when filed in Florida, with service of process accepted as of that date, so long as the plaintiff refiles in the new forum within 120 days. 674 So.2d at 92. The order of dismissal is to include these and any other stipulations. Fla. R. Civ. P. 1.061(f). Neither the trial court’s order on Kinney’s motion nor its order of dismissal contains such provisions.
As the record does not reflect that the trial court made all of the required findings, we vacate the trial court’s order of dismissal and remand for further proceedings consistent with the supreme court’s opinion.
DELL and STONE, JJ., and RAMIREZ, JUAN, Jr., Associate Judge, concur.