PER CURIAM.
Banco De La Construcción, S.A. (“Banco”), a Guatemalan bank, appeals from a non-final order of the trial court which denied its motion to dismiss for lack of personal jurisdiction and forum non conveniens. We affirm the denial of Banco’s motion to dismiss for lack of personal jurisdiction.[1] It has not been established on this record, however, that this case has a sufficiently strong nexus to Florida’s interests pursuant to Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (1996) to justify the use of Florida state courts and other judicial resources to resolve this claim. Therefore, we remand the cause to the trial court for a hearing to determine whether Guatemala is the more convenient forum for the resolution of the suit.
It is necessary to set out the facts of this case to explain our decision to send the action back to the trial court for further proceedings on Banco’s motion to dismiss for forum non conveniens.[2] Banco does business exclusively in Guatemala. The nexus with Florida arose out of a transaction where Banco issued a check for $388,000.00 US, drawn on its correspondent bank, Nations-Bank International, in favor of Inversiones Y Commercio, Inc. (“Inversiones”), another Guatemalan company. The transaction was an exchange of a check in Guatemalan currency given by a third party Guatemalan citizen for a check in U.S. dollars. Inver-siones deposited the check with Equity Enterprises, another Guatemalan company, which deposited the check into an account in the International Bank of Miami. When the third party cheek in Guatemalan currency was returned for insufficient funds, Banco, from Guatemala, contacted NationsBank and placed a stop payment order on the U.S. dollar check. The check was returned, through Equity Enterprises, to Inversiones.
Inversiones sued Banco in Dade County for payment of the dishonored check, plus prejudgment interest and costs. Banco moved to dismiss the case for lack of personal jurisdiction and for forum non conveniens. Following limited discovery on the jurisdictional question, see Gleneagle Ship Mgmt., Co. v. Leondakos, 602 So.2d 1282 (Fla.1992), the trial court denied Banco’s motion after a hearing.
*37 After the date of the hearing, but during the pendency of the appeal in this court, the Florida Supreme Court issued its opinion in Kinney System which adopted the federal doctrine of forum non conveniens as set out in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Kinney System opinion explains in detail the public and private interest reasons for requiring a more vigorous doctrine of forum non conveniens to be applied in Florida state courts. Since the trial court did not have the benefit of the Kinney System opinion at the time it denied Banco’s motion to dismiss, we remand so that the court can determine, using the four part test developed in Pain v. United Tech. Corp., 637 F.2d 775 (D.C.Cir. 1980), cert. denied 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981), cited in Kinney System, whether this cause of action may be more fairly and conveniently litigated in Guatemala.
Affirmed in part and remanded for further proceedings in accordance with this opinion.

. The trial court has jurisdiction pursuant to section 48.193(l)(g), Florida Statutes (1993).

. As stated in Kinney System: Forum non conve-niens is a common law doctrine addressing the problem that arises when a local court technically has jurisdiction over a suit but the cause of action may be fairly and more conveniently litigated elsewhere. Id. at 87 (footnote omitted).