681 So.2d 922 (1996)
Mary C. KELLY and Harold Kelly, Appellants,
v.
SUN & SEA ESTATES, LTD., INC. d/b/a Quality Atlantic Beach & Golf Resort, Appellee.
No. 95-1876.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Haggard & Parks, P.A., Coral Gables; Hicks, Anderson & Blum, P.A. and Ila J. Klion, Miami, for appellant.
Rossano, Torrent & Leyte-Vidal, P.A. and Arnold R. Ginsberg, Miami, for appellee.
Before GERSTEN, GODERICH and GREEN, JJ.
PER CURIAM.
The appellants, plaintiffs below, appeal the dismissal of their personal injury action based upon the doctrine of forum non conveniens. We note that the order under review was rendered prior to the supreme court's recent pronouncement in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996).
*923 Appellants correctly concede that Kinney has completely rendered their first argument on appeal moot. We, therefore, do not belabor the issue here.
Appellants next argue essentially that the trial court did not engage in the proper analysis when it determined that the Bahamian courts were the more appropriate forum for this action. In entertaining a motion to dismiss for forum non conveniens, Kinney mandates that a trial court engage in a four-step analysis, namely:
1) the court must determine "whether an adequate alternative forum exists which possesses jurisdiction over the whole case";
2) the court "must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice";
3) "[i]f the ... balance of private interests is in equipoise or near equipoise, [the court] must then determine whether or not factors of public interest tip the balance" toward another forum; and finally
4) if the balance favors another forum, the court must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice."
674 So.2d at 90 (quoting Pain v. United Technologies Corp., 637 F.2d 775, 784-85 (D.C.Cir.1980)).
Because the parties to this appeal are in dispute as to whether any or all of these factors were nevertheless considered or adequately considered by the trial court below, and the court made no written findings in support of its order, we are constrained to reverse the order under review and remand with instructions to the court to make the requisite findings outlined in Kinney. Banco De La Construccion, S.A. v. Inversiones Y Commercio, Inc., 677 So.2d 35 (Fla. 3d DCA 1996). In reconsidering this motion in the aftermath of Kinney however, we remind the court below of the further admonition made by the supreme court:
Where new or renewed motions for forum non conveniens dismissal are prompted in such cases by this opinion, we direct that the lower courts shall not order dismissal if doing so would actually undermine the interests that forum non conveniens seeks to preserve. These include avoiding a waste of resources (including resources already expended), avoiding forcing a plaintiff into a forum where a statute of limitation may have expired, or other similar problems. For example, we believe it would be contrary to the doctrine to order dismissal where the partiesrelying on Houston [v. Caldwell, 359 So.2d 858 (Fla.1978)]have substantially completed discovery or are now ready for a Florida trial or where they have completed trial and are seeking a Florida appeal, unless all parties consent to an application of the doctrine outlined here.
Kinney at 93-94.
Reversed and remanded with instructions.