SHEVIN, Judge.
Rikamor, Ltd., and IBK International, Inc. [collectively “plaintiffs”], appeal a dismissal on forum non conveniens grounds. We reverse.
Plaintiffs filed a declaratory judgment action in Dade County seeking a-determination that Reuven Oded was not owed any commissions for his alleged efforts to secure for plaintiffs the franchise rights to new Burger King restaurants in Israel. Shortly after plaintiffs’ Dade County action was filed, Oded filed an action in Israel seeking to recover commissions allegedly owed for his procurement of the same franchise rights. Process was served in Oded’s Israeli lawsuit prior to service in plaintiffs’ Dade County action. However, the parties disputed whether Oded was avoiding service on plaintiffs’ Dade County action.
Oded filed a motion to dismiss the Dade County action based on the doctrine of forum non conveniens, or, alternatively, to stay the action pending the outcome of the case in Israel. After hearing argument on the motion, the trial judge determined that she wanted to review the case further and continued the hearing. However, when the hearing date arrived, the judge was in trial and a substitute judge, who conceded a total lack of familiarity with the case, heard the motion. The substitute judge granted Oded’s motion to dismiss on forum non conveniens grounds; the order, however, is totally devoid of factual findings or conclusions.
In view of the dispute as to whether the court properly considered the factors required by Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), and the lack of written findings in the order, see Kelly v. Sun & Sea Estates, Ltd., 681 So.2d 922 (Fla. 3d DCA 1996), we must reverse the order under review. Because the hearings before the original judge and the substitute *698 judge were truncated, the court, on remand, shall hold an evidentiary hearing on Oded’s motion to dismiss or to stay the proceedings. In view of the dispute surrounding Oded’s alleged avoidance of service, the court shall consider the propriety of the motion for stay, see Mendes v. Dowelanco Indus. LTDA., 651 So.2d 776 (Fla. 3d DCA 1995), as well as the propriety of the motion to dismiss on forum non conveniens grounds, and if dismissal is appropriate, the trial court shall make all necessary findings pursuant to Kinney.
Reversed and remanded with instructions.