699 So.2d 830 (1997)
Patrick CARENZA and Sophia Carenza, Appellants,
v.
SUN INTERNATIONAL HOTELS, LTD., a Bahamas Corporation, d/b/a Atlantis, and Sun International Bahamas, Ltd., a Bahamas Corporation, d/b/a Atlantis, Appellees.
No. 96-3766.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
*831 Richard M. Benrubi and Debra B. Potter of Broad and Cassel, West Palm Beach, for appellants.
Donald E. Fucik of Luks, Koleos & Santaniello, P.A., Fort Lauderdale, for appellees.
DONNER, AMY STEELE, Associate Judge.
Patrick and Sophia Carenza, plaintiffs, appeal a dismissal on forum non conveniens grounds. We reverse.
This negligence action arose when plaintiff Patrick Carenza allegedly slipped and fell on algae on the steps of a waterscape slide pool at the Atlantis Resort and Hotel on Paradise Island, Bahamas. Plaintiffs sued defendant corporations, alleging that they either, by themselves or through subsidiaries, owned, operated, maintained, possessed, and/or controlled the Atlantis Resort and Hotel.[1]
At the time of the incident, the plaintiffs were residents of Palm Beach County;[2] the defendants are both Bahamas corporations.[3] Defendants filed a motion to dismiss the case on the grounds of forum non conveniens. They did not file a verified pleading, present sworn affidavits, or introduce sworn testimony to support the motion to dismiss.
In Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86, 90 (Fla.1996), the supreme court adopted the federal standard for determining forum non conveniens. This standard is now codified in Florida Rule of Civil Procedure 1.061 (1997). Kinney mandates that in considering a motion to dismiss for forum non conveniens, a trial court must engage in a four-step analysis. First, the court must establish whether an adequate alternative forum exists that possesses jurisdiction over the whole case.[4] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. Third, if the trial judge finds this balance of private interests in equipoise or near equipoise, the judge must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. Finally, if he or she decides that the balance favors such a forum, the trial judge must ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice. See Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111, 1114 (Fla. 4th DCA 1997) (citing Kinney, 674 So.2d at 90).
Neither the trial court's order granting defendants' motion nor its pronouncements during the hearing on the motion provide this court with enough information to determine whether the trial judge adequately considered each step of the Kinney test in reaching his conclusion. This lack of information is compounded by the defendants' failure to provide any sworn pleadings or affidavits in support of their motion. With such a dearth of evidence, we are unable to determine whether the trial judge's conclusion was correct under the Kinney test. See Rikamor, Ltd. v. Oded, 690 So.2d 697 (Fla. 3d DCA 1997).
Because of the dispute between the parties as to whether the court properly considered all of the factors of Kinney in reaching its conclusion, and the lack of written findings in the trial court's order, we must reverse the *832 order under review with instructions to the trial court to adequately set forth its findings and conclusions under Kinney. See Rikamor, 690 So.2d at 697; Kelly v. Sun & Sea Estates, Ltd., 681 So.2d 922 (Fla. 3d DCA 1996).
Compounding this court's confusion as to the adequacy of the lower court's Kinney analysis is that defendants offered no sworn proof to the trial court to substantiate the assertions made in their motion to dismiss. "A transfer of venue based on convenience is improper where no affidavits or other sworn proof support the motion." Graham v. Graham, 648 So.2d 814, 815-16 (Fla. 4th DCA 1995); see Davis v. Florida Power Corp., 492 So.2d 829 (Fla. 2d DCA 1986) (where allegations of unsworn motion to dismiss or transfer were never established by sworn proof, the trial court had no evidence on which to base its decision to transfer venue).
A defendant's burden of persuasion runs to all the elements of the forum non conveniens analysis. Camejo v. Ocean Drilling & Exploration, 838 F.2d 1374 (5th Cir. 1988). Defendants argue that they met this burden despite the absence of any sworn proof, and cite Camejo's conclusion that if "uncontroverted facts are sufficient to support the [trial] court's forum non conveniens decision, the defendant has met his burden of persuasion." Id. at 1380. However, the facts presented to the trial court were not uncontroverted.[5] The lack of sworn pleadings and the trial court's failure to enumerate the basis for its dismissal, makes it impossible for us to determine how the trial court reached its decision.
As a result, the judgment of the lower court is REVERSED AND REMANDED.
WARNER and FARMER, JJ., concur.
NOTES
[1] Defendants charged that the slide pool is operated by Island Hotel Company, Ltd. and that the slide pool is on property owned by Paradise Limited, parties not named in plaintiffs' complaint. Defendants argued that plaintiffs failed to join these indispensable parties to the action. However, because the trial court dismissed the case for forum non conveniens, it never addressed this point.
[2] At the time of the hearing on defendants' motion to dismiss, plaintiffs were residents of Broward County.
[3] Defendants have agents and subsidiaries throughout Florida, and maintain a sales and marketing department in this state for the purpose of soliciting potential customers to vacation in the Bahamas.
[4] The final order incorporated defendants' stipulation that it would accept service of process in the Bahamas, and plaintiffs concede that a cause of action would also lie in the Bahamas. This meets the first step of the analysis in Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86, 90 (Fla.1996).
[5] In some instances the record indicates that plaintiffs effectively refuted some of the defendants' unsworn allegations. Plaintiffs' counsel asserted that there was no need for access to the site of the incident. Plaintiffs' counsel also disagreed with defendants' assertion that the majority of witnesses resided in the Bahamas stating that of the witnesses defendants listed, 47 of the 50 resided in Broward or Palm Beach County. Without any sworn allegations from defendants in support of their motion, there is no evidence showing why the trial court should have given greater weight to their assertions than those of plaintiffs. This problem is compounded because the trial court did not enumerate its findings pursuant to the four-step analysis in Kinney.