707 So.2d 863 (1998)
SUN & SEA ESTATES, LTD., INC. d/b/a Quality Atlantic Beach & Golf Resort, Appellant,
v.
Mary C. KELLY and Harold Kelly, husband, Appellees.
No. 97-2025.
District Court of Appeal of Florida, Third District.
March 4, 1998.
*864 Rossano, Torrent & Leyte, Miami; Arnold R. Ginsberg and Todd R. Schwartz, Miami, for appellant.
Hicks & Anderson and Ila J. Klion, Miami, for appellees.
Before GERSTEN, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
Sun & Sea Estates, Ltd., Inc. d/b/a Quality Atlantic Beach & Golf Resort (defendant), appeals the lower court's order denying its verified motion to dismiss the second amended complaint.
Mary C. Kelly and Harold Kelly, her former husband (plaintiffs), are Kansas citizens who, through their travel agent in Montana, booked an excursion package which included accommodations at the Atlantik hotel in Freeport/Lucaya, Grand Bahama Island. The hotel is owned and operated by defendant, a Bahamian corporation whose principal place of business is in Freeport/Lucaya and whose principal business is ownership and operation of said hotel. Mary Kelly was allegedly injured while a guest at defendant's hotel when she was struck by a jet ski on the beach. She was treated in a Bahamian hospital, and in Kansas upon her return home. All parties and witnesses in this case are located outside Florida.
On March 16, 1994, plaintiffs sued defendant in the circuit court of Dade County where defendant has a one-employee sales office not involved in this case. Defendant moved to dismiss the action without prejudice on forum non conveniens grounds via a verified motion. The trial court granted defendant's motion. Plaintiffs moved for rehearing, relying on Houston v. Caldwell, 359 So.2d 858 (Fla.1978). The trial court granted plaintiffs' motion for rehearing, vacated its prior order dismissing the cause, and denied defendant's verified motion to dismiss.
When defendant answered plaintiffs' complaint, plaintiffs noticed the cause "ready for trial." No discovery had been conducted by either party except for plaintiffs' service of a set of interrogatories and request for production along with their original complaint. As of the filing of this appeal, only four depositions have been taken, specifically, those of plaintiff, her former husband, defendant's vice-president and his wife. The jet ski operator, his employer, persons associated with another entity which conducted the jet ski operation (all residents of the Bahamas) and all hospital and medical witnesses (residents of the Bahamas, Kansas, and Mississippi) have not been deposed.
A year after filing suit, plaintiffs filed a second amended complaint. In response, defendant renewed its motion to dismiss on forum non conveniens grounds, citing this Court's opinion in Argandona v. Lloyd's Register of Shipping, 656 So.2d 1311 (Fla. 3d DCA 1995), recognizing that the Caldwell prohibition against "resident" defendants raising forum non conveniens challenges does not apply to foreign corporations which have only isolated offices or employees in Florida. The trial court entered its order granting defendant's motion to dismiss plaintiffs' second amended complaint.
Plaintiffs appealed the order to this Court. Subsequent to the trial court's dismissal but prior to oral argument, the Supreme Court of Florida decided Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996), in which the Court receded from Caldwell in favor of the federal doctrine of forum non conveniens. On appeal, this Court reversed the order under review and remanded with instructions to the lower court to make the requisite findings outlined in Kinney. *865 See Kelly v. Sun & Sea Estates, Ltd., Inc., 681 So.2d 922 (Fla. 3d DCA 1996)(Kelly I).
On remand, defendant renewed its verified motion to dismiss plaintiffs' second amended complaint, and plaintiffs filed a supplemental response. The trial court denied defendant's motion, finding that discovery had been substantially completed. We review the lower court's order to determine if the trial judge abused his discretion in reaching his conclusion.
Since the filing of this lawsuit in 1994, in excess of two years have been spent by the parties litigating the issue of forum non conveniens in the lower court and in this court. Only a small portion of the parties' energies have been dedicated to the taking of discovery. Indeed, as indicated above, only four depositions have been taken. Beyond the depositions of the plaintiffs, not a single deposition has been taken of any witness with knowledge on the issue of liability. No depositions have been taken on the issue of damages. In Kelly I, this Court "reminded" the trial court of the Supreme Court's admonition in Kinney that dismissal for forum non conveniens, based on new or renewed motions relying on Kinney, might "undermine the interests that forum non conveniens seeks to preserve." Kelly I, 681 So.2d at 923. Based on the entirety of this record, it is our impression that the trial judge, regrettably but understandably, construed this Court's "reminder" as a directive to deny dismissal on this ground.[1] Because of the dearth of meaningful discovery taken in this case, we conclude that the trial court abused its discretion in denying the motion to dismiss on the stated grounds and reverse.
Although the trial court did not consider the Kinney criteria, the long and tortured history of this case compels us to do so now. We have thoroughly reviewed the record before us, including the plaintiffs' detailed analysis of the Kinney criteria, and conclude that this case should and must be dismissed for forum non conveniens.
We reverse the order under review and remand with instructions to dismiss this case.
NOTES
[1] In fairness to the trial judge, we note his well founded and often expressed view during the past four years that this case should be dismissed for forum non conveniens.