PER CURIAM.

ON MOTION FOR CLARIFICATION

We grant the Motion for Clarification; withdraw dur opinion of February 26, 2003; and substitute the following opinion in its stead.
Plaintiff appeals the granting of the defendants’ motion to dismiss with prejudice. We affirm.
The record and order in this case have provided us with sufficient information to determine that the trial court properly dismissed this case on forum non conveniens grounds. See Kinney Sys., Inc. v. Cont’l Ins. Co., 674 So.2d 86 (Fla.1996). See, e.g., Bacardi v. De Lindzon, 728 So.2d 309, 312 (Fla. 3d DCA 1999) (stating that: “[n]o bright-line rule exists to mandate reversal of the order and remand when the trial court fails to delineate its reasoning as to each step in the Kinney analysis.”). See also Sun & Sea Estates, Ltd., Inc. v. Kelly, 707 So.2d 863, 865 (Fla. 3d DCA 1998) (appellate court, where trial court had failed to perform the Kinney analysis, reviewed record before it, and concluded that case be dismissed for forum non conve-niens.).
The court, however, failed to “ensure” that plaintiff can reinstate her suit in Virginia as the parties have stipulated. See Fla. R. Civ. P. 1.061.[1] Without reaching the merits of Plaintiffs complaint, we rule that this case may be reinstated in Virginia pursuant to the terms of the Defendants’ Stipulation in Support of Their Alternative Motion to Dismiss on the Basis of Forum Non Conveniens, Fla. R. Civ. P. 1.061(a).
Affirmed.

. This rule provides in pertinent part that:
(a) Grounds for Dismissal. An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
[[Image here]]
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.