DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SONDRA STAMEN,** Individually and as Trustee of the Stamen
Condominium Trust and the Stamen Marital Trust,
Appellant,

v.

**JUSTINE STAMEN ARRILLAGA,** Individually and as Nominated
Successor Trustee of the Stamen Condominium Trust and Stamen
Marital Trust,
Appellee.

No. 4D14-2652

[July 15, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No.
2014CP000683XXXXNB.

Eric J. Goldring of Goldring & Goldring, P.A., Colts Neck, New Jersey,
for appellant.

Edward Downey and R. Lee McElroy IV of Downey & Downey, P.A., Palm
Beach Gardens, for appellee.

PER CURIAM.

Appellant Sondra Stamen appeals a non-final order denying her motion
to dismiss Appellee Justine Stamen Arrillaga's complaint for lack of
jurisdiction and improper venue. We hold that the trial court's order
sufficiently explained the rationale for finding jurisdiction and proper
venue and we need not address those issues further. On appeal, Appellant
additionally raises the doctrine of forum non conveniens and asserts "[t]he
trial court intentionally failed to engage in [a forum non conveniens]
analysis." As set forth below, Appellant's forum non conveniens argument
is "too little, too late." Accordingly, we affirm the order denying Appellant's
motion.

Appellant's "Motion to Dismiss for Lack of Jurisdiction and Improper
Venue and for Sanctions" was improper for three reasons. First, the
motion does not argue forum non conveniens as grounds for dismissal.

Improper venue (which was pled) and forum non conveniens are distinct legal objections and a party's pleading of one does not inherently raise the other. *See, e.g. Whitehead v. Nat'l Crane Corp.*, 466 So. 2d 412, 413 (Fla. 3d DCA 1985). It is true that "[a] trial court may *sua sponte* raise the question of whether venue should be transferred to another county . . . for the convenience of parties or witnesses or in the interest of justice." *McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 511 (Fla. 4th DCA 2010). However, it is not erroneous for a court to decline to rule on an issue where it was not raised by a party. Here, Appellant has failed to submit a transcript from the trial court's hearing on the instant motion and, therefore, we cannot determine whether the issue of forum non conveniens was raised in the hearing; it was not addressed in the trial court's order. Thus, the "record brought forward by the appellant is inadequate to demonstrate reversible error." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 150, 1152 (Fla. 1979).

Second, Appellant's first mention of forum non conveniens appears in her Response to Motion to Strike, dated June 9, 2014. Florida Rule of Civil Procedure 1.061(g) states "a motion to dismiss based on forum non conveniens shall be served not later than 60 days after service of process on the moving party." Service in this case was made to Appellant's attorney on February 28, 2014.[1] This is a duration of over 100 days, well past the 60-day time limit provided by the statute. "Where a motion is untimely under this rule, the motion should be denied." *Fox v. Union Carbide Corp.*, 910 So. 2d 422, 424 (Fla. 4th DCA 2005). Thus, the trial court's failure to address the forum non conveniens allegation was not error, as any such assertion was time-barred.

Third, even if we were to find that the trial court had the ability to make a forum non conveniens determination based on the June 9 filing, there is an additional problem with Appellant's pleadings that would preclude a determination in Appellant's favor. "A transfer of venue based on convenience is improper where no affidavits or other sworn proof support the motion." *Carenza v. Sun Int'l Hotels, Ltd.*, 699 So. 2d 830, 832 (Fla. 4th DCA 1997) (quoting *Graham v. Graham*, 648 So.2d 814, 815-16 (Fla. 4th DCA 1995)). Appellant's motion is not sworn as true and Appellant failed to file any affidavits in support of the facts asserted in the motion.

---

[1] Appellant's initial brief argues there was no attempt to serve Appellant in Florida and the only service was provided to her attorney in New Jersey. However, there is no indication in the record provided that defective service was argued as an error below.

Appellant's arguments on appeal were either conceded in her brief or untimely made. The trial court did not err by denying Appellant's motion to dismiss. Accordingly, we affirm the trial court's ruling.

*Affirmed.*

WARNER, GROSS, and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***