# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2000
LT Case No.2023-CA-010140
CORRECTED

_____

DEAN REIBER,

Appellant,

v.

CAMILLA MAURITA YAMASAKI,

Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Curt Jacobus, Judge.

Adam Kravitz, of Kravitz & Co., PA, Miami Beach, for Appellant.

Mark S. Peters, of Eisenmenger, Robinson, Blaue & Peters, P.A., Viera, for Appellee.

March 15, 2024

BOATWRIGHT, J.

Appellant, Dean Reiber ("Reiber"), challenges the trial court's order granting Appellee's, Camilla Yamasaki's ("Yamasaki"), motion to dismiss his civil complaint against her on the basis of forum non conveniens. For the reasons described herein, we reverse.

I.

Reiber, a Texas resident, filed a civil complaint against Yamasaki, a Florida resident, in Brevard County, Florida (the "complaint"). In the complaint, Reiber alleged the following facts. Reiber met Yamasaki in Costa Rica, where they became involved in a romantic relationship. Reiber subsequently purchased a residential condominium unit in Belize (the "condo"). Reiber and Yamasaki resided together at the condo for a short time thereafter before their romantic relationship ended. Reiber spent some time in the United States before returning to Belize to tie up some affairs at the condo. This included changing the locks in an effort to prevent Yamasaki from entering the condo. Yamasaki, who was accompanied by her cousin, later broke into the condo by smashing a glass door. During the incident, Yamasaki's cousin physically attacked Reiber. Two Belizean policemen, who had been alerted to the situation by a neighbor, entered the apartment and arrested Yamasaki and her cousin. Yamasaki and her cousin were charged in Belize as a result of this incident.

Based on this incident, Reiber initially filed a civil action against Yamasaki in Belize. He subsequently filed the complaint in Brevard County, in which he alleged actions for assault, battery, intentional infliction of emotional distress, false imprisonment, invasion of privacy, and civil conspiracy. In his jurisdictional allegations, Reiber averred that Yamasaki is a resident of Brevard County and also maintains a business in Brevard County. In support of his causes of action, Reiber alleged that as a result of the attack, he suffered severe physical injuries which resulted in long-term pain and suffering; and that he additionally experienced overwhelming bouts of anxiety and deep depression, causing him to suffer from insomnia and panic attacks. He additionally averred that he had suffered financial loss because the trauma from the attack had materially affected his ability to manage his financial and business affairs.

Yamasaki responded to Reiber's complaint with a motion to dismiss wherein she argued, inter alia, that the complaint should be dismissed for forum non conveniens. In support of this argument, Yamasaki seemingly acknowledged that Florida would

be a more convenient forum for her than Belize, but nonetheless contended that Belize was the more convenient forum because the attack had occurred in Belize, and all of the relevant witnesses would thus necessarily be located in Belize. She additionally urged the trial court to strongly weigh against Reiber the fact that he had previously filed a civil action against her in Belize. At a hearing on Yamaski's motion to dismiss, other than her counsel's arguments, Yamaski offered no evidence or sworn testimony to support her motion. Reiber's counsel objected that absent evidence or sworn testimony, Yamasaki's motion should be denied. The trial court disagreed and granted Yamasaki's motion, relying solely on counsel's arguments and the inferences drawn from the face of the complaint. In its order dismissing Reiber's complaint for forum non conveniens, the trial court repeatedly referred to the initial filing in Belize. The court did not appear to accord any degree of deference to Reiber's selection of Florida as his preferred forum, and it additionally seemed to wholly disregard Yamasaki's concession that it would be more convenient for her to litigate in Florida than in Belize.

## II.

The common law doctrine of forum non conveniens, which translates to mean "inconvenient forum," is an equitable, judicially crafted rule designed to allow a court which "technically has jurisdiction over a suit" to dismiss, in certain limited circumstances, the suit if "the cause of action [would] be more fairly and conveniently litigated elsewhere." *Kinney Sys., Inc. v. Cont'l Ins. Co.*, 674 So. 2d 86, 87 (Fla. 1996). In *Kinney*, the Florida Supreme Court articulated the following four-pronged test for courts to employ when evaluating whether a suit filed in Florida should be dismissed for forum non conveniens:

> [1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not

3

factors of *public* interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*Id.* at 90 (quoting *Pain v. United Techs. Corp.*, 637 F.2d 775, 784–85 (D.C. Cir. 1980)). This four-pronged test, which is set forth in Florida Rule of Civil Procedure 1.061(a), is commonly referred to as the "*Kinney* test."

The Florida Supreme Court subsequently explained that to properly apply the *Kinney* test, courts must afford a strong presumption to the plaintiff's choice of forum when evaluating the "balance of private interests" factor. *Cortez v. Palace Resorts, Inc.*, 123 So. 3d 1085, 1092–93 (Fla. 2013). Notably, this presumption applies not only to Florida residents, but additionally extends to out-of-state residents who have elected to file suit in Florida. *Id.* at 1094 (explaining that the Florida Supreme Court "did not limit this presumption in *Kinney* to Florida plaintiffs or indicate in any way that the policy behind this rule would automatically be eviscerated by applying it to out-of-state residents"). Additionally, the presumption holds especially true when the plaintiff is a United States citizen and the alternative forum is in another country. *Id.* at 1095 (holding that "the presumption in favor of the plaintiffs' initial forum choice in balancing the private interests is at its strongest when the plaintiffs are citizens, residents, or corporations of this country") (quoting *Wilson v. Island Seas Invss., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009)). As the Florida Supreme Court has stated, "it is difficult to understand how or why a United States plaintiff's choice of a United States forum can or should be overcome in favor of a forum in another country, thereby effectively denying that plaintiff access to United States courts." *Id.* at 1094. *See also Abeid-Saba v. Carnival Corp.*, 184 So. 3d 593, 601 (Fla. 3d DCA 2016) (applying the exceptionally strong presumption in favor of a citizen's choice to file suit in the United States and explaining: "The Eleventh Circuit has held that a reviewing court 'require[s] positive evidence of unusually extreme circumstances, and should be thoroughly convinced that a material injustice is manifest before exercising any ... discretion as may exist to deny a United States Citizen access to the courts of this

4

country." (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004))). Therefore, in cases "involving a non-Florida plaintiff" who is a United States citizen, "the presumption in favor of the plaintiff's initial choice of forum is always entitled to great deference." *Cortez*, 123 So. 3d at 1096.

The Florida Supreme Court has expounded upon this presumption, opining that "the plaintiff's right to choose the forum is not just one factor to consider in the forum non conveniens analysis, but is a strong presumption that can be overcome only when the balance is tipped strongly in favor of the defendant." *Id.* at 1096 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")). Consequently, the strong presumption in favor of the plaintiff's forum choice "can be defeated *only* if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption. *Id.* at 1092 (quoting *Kinney*, 674 So. 2d at 91). In performing the balancing test under *Kinney*, the fact that the defendant is located in this country," and especially in this state, "is one indication that it would be less burdensome for the defendants to defend suit in this country than it would be for [the plaintiff] to litigate in a foreign country." *Id.* at 1097. Accordingly, both this Court and the Florida Supreme Court have observed that "a forum non conveniens argument coming from a party sued where [it] resides is both 'puzzling' and 'strange." *Id.* (quoting *Sanwa Bank, Ltd. v. Kato*, 734 So. 2d 557, 561 (Fla. 5th DCA 1999)).

When applying these principles, courts are required to engage in a "meaningful analysis of the relevant, requisite *Kinney* factors" before dismissing an action on forum non conveniens grounds. *Sports Channel Ltd. v. Tabib*, 323 So. 3d 336, 337 (Fla. 3d DCA 2021) (citing *Johnny's Pool Super Ctr., Inc. v. Foreverpools Caribbean, LLC*, 307 So. 3d 832, 835 n.1 (Fla. 3d DCA 2020)). In evaluating these factors, it is important to note that the defendant, as the movant, bears the burden of demonstrating the inconvenience of Florida as a forum under the *Kinney* test. *Abeid-Saba*, 184 So. 3d at 599 ("The defendant attempting to dismiss the action on forum non conveniens grounds bears the burden of proof

on each element of the *Kinney* analysis." (quoting *Telemundo Network Grp., LLC v. Azteca Int'l Corp.*, 957 So. 2d 705, 709 (Fla. 3d DCA 2007))); *see also Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 621 (Fla. 4th DCA 1999) ("The defendant bears the burden of persuasion as to each of the four *Kinney* steps."). A trial court generally cannot conduct a "meaningful analysis" under *Kinney* if the defendant has not put forth any evidence or proof in support of the motion to dismiss. *See Ground Improvement Techs., Inc. v. Merchs. Bonding Co.*, 707 So. 2d 1138, 1139 (Fla. 5th DCA 1998). This Court has accordingly held that "any defendant seeking dismissal of a suit based upon [r]ule 1.061 forum non conveniens must support the motion by affidavit or other evidence offered under oath." *Id.* (further explaining that "[i]t is incumbent upon the parties to submit affidavits or other evidence that will shed the necessary light on the issue of the convenience of the parties and witnesses and the interest of justice."); *see also Stamen v. Arrillaga*, 169 So. 3d 1209, 1211 (Fla. 4th DCA 2015) (affirming trial court's denial of a motion to dismiss for forum non conveniens because the "motion [wa]s not sworn as true and [the defendant] failed to file any affidavits in support of the facts asserted in the motion"); *Carenza v. Sun Int'l Hotels, Ltd.*, 699 So. 2d 830, 831 (Fla. 4th DCA 1997) (reversing trial court's dismissal of action for forum non conveniens where defendants "failed to provide any sworn pleadings or affidavits in support of their motion"). However, there is a singular, narrow exception to the defendant's requirement to support a motion to dismiss for forum non conveniens with affidavits or sworn evidence, and that is in those limited situations "where the complaint itself shows on its face that a forum non conveniens transfer is warranted." *Id.*

In the instant case, Reiber argues the trial court erred when it granted Yamasaki's motion to dismiss his complaint for forum non conveniens in the absence of any sworn affidavits or other sworn evidence in support of the motion which would have shed light on the factors to be considered under *Kinney*. In response, Yamasaki, keying in on the singular and narrow exception articulated by this Court in *Ground Improvements*, contends that the face of Reiber's complaint, coupled with his counsel's admission that a prior action had been filed in Belize, was sufficient to support dismissal for forum non conveniens. We disagree with Yamasaki both because Reiber's complaint alone could not have

supported dismissal for forum non conveniens and because it is clear the trial court did not base its determination solely upon the face of Reiber's complaint.

For example, the court made a finding under the second *Kinney* factor that "access to evidence, relevant sites, and access to witnesses are in Belize." This finding could not have been based on the allegations in the complaint. Reiber's complaint was wholly devoid of any allegations concerning the location of Yamasaki or her cousin, the location(s) where he received medical treatment and psychological treatment following the incident, and the location(s) where he allegedly suffered financial losses to his business as a result of the attack. In addition, the complaint was wholly devoid of any sworn testimony or evidence regarding the location(s) of the relevant witnesses. Though Yamasaki's counsel argued at the hearing that the relevant witnesses were in Belize, and that Reiber presumably would have received medical care in Belize, these speculative assertions could not have permissibly formed the basis of the lower court's ruling. *Johnson v. Johnson*, 288 So. 3d 745, 749 (Fla. 2d DCA 2019) (holding that "in the absence of a stipulation, a trial court cannot make a factual determination based on an attorney's unsworn statements" and that courts are "precluded from considering as fact unproven statements documented only by an attorney" (quoting *Blimpie Cap. Venture, Inc. v. Palms Plaza Partners, Ltd.*, 636 So. 2d 838, 840 (Fla. 2d DCA 1994))).

Reiber separately contends the trial court erred when it failed to accord any deference to his forum choice. We agree. The Florida Supreme Court has emphasized that "the plaintiff's right to choose the forum is not just one factor to consider in the forum non conveniens analysis, but is a strong presumption that can be overcome only when the balance is tipped strongly in favor of the defendant." *Cortez*, 123 So. 3d at 1096. The trial court's order dismissing Reiber's action for forum non conveniens indicates that the court did not appropriately consider Reiber's choice of forum in applying the *Kinney* analysis; nor did it consider that Reiber was a United States citizen seeking to bring suit in the United States rather than a foreign country. *Id.* ("When a plaintiff is a citizen or resident of the United States and the alternative forum is a foreign country, the defendant's burden to overcome this presumption is

especially high."). The order does not contain even a single reference to Reiber's choice of Florida as a forum, and particularly does not appear to reflect that Reiber's choice was afforded the especially great weight required for a United States plaintiff under Florida Supreme Court precedent.

The trial court instead appeared to be predominantly concerned with the fact that Reiber also filed an action in Belize, as evidenced by the repeated references to the Belize filing within the court's *Kinney* analysis. Though the trial court may have properly considered the Belize filing in employing the *Kinney* analysis, it erred when it made the Belize filing its primary focus under the analysis to the exclusion of considering Reiber's actual forum choice. This is additionally evidenced by the fact that the trial court raised the concern that allowing both suits to proceed would result in needless duplication of litigation, despite Reiber's counsel's adamant representation at the hearing below that Reiber was amenable to dismissing the Belize suit if the Florida suit proceeded forward.[1]

Finally, we observe that the trial court's order did not contain any findings showing that it weighed Yamasaki's own private interests when employing the *Kinney* analysis. Had the trial court performed a balancing test of Yamasaki's private interests, both the face of Reiber's complaint and Yamasaki's allegations in her own motion indicated that Florida was the more convenient forum for Yamasaki. *See Cortez*, 123 So. 3d at 1092 (stating that the presumption in favor of the plaintiff's forum choice "can be defeated *only* if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome the presumption"). First, Yamasaki resides in Florida, thus indicating that it would be more convenient for her to litigate in Florida than in Belize. As this court has aptly stated, "a forum non conveniens argument coming from a party sued where [it] resides is both 'puzzling' and 'strange.' " *Cardoso v. FPB Bank*, 879 So. 2d 1247, 1250 (Fla. 3d DCA 2004) (quoting *Sanwa Bank, Ltd. v. Kato*, 734

---

[1] Reiber's counsel also indicated during oral argument that he was prepared to dismiss the Belize action if the Florida action was allowed to proceed.

8

So. 2d 557, 561 (Fla. 5th DCA 1999)). Further, Yamasaki conceded in her motion to dismiss that Belize would be an inconvenient forum for her. In particular, she pled:

> Litigation in the instant action will be unduly burdensome to [Yamasaki] because it subjects [her] to unnecessary travel expenses. Unlike [Reiber] who owns the condo located in Belize, [Yamasaki] has no lodging in Belize. . . . Balancing the private interests of the parties, the difficulties [Yamasaki] faces litigating in Belize are far greater than those [Reiber] faces litigating in Florida, and [Reiber] chose to litigate first in Belize and then in Florida.

Accordingly, based on the information available to the trial court, both parties' private interests indicated that Florida was a more convenient forum—and at the very least, failed to support a finding that Florida was an inconvenient forum in relation to Belize. We therefore find that the trial court erred when it ruled that Yamasaki had established the parties' private interests, including her own, weighed in favor of litigating in Belize.

### III.

Based on the foregoing, we hold that the trial court erred when it dismissed Reiber's complaint based on forum non conveniens. The trial court did not conduct a meaningful *Kinney* analysis because it was not presented with any sworn affidavits or evidence. Thus, it could only have permissibly dismissed Reiber's action based on the four corners of the complaint. Rather than confining its ruling to the four corners of the complaint, the trial court impermissibly relied on the argument of counsel and inferences drawn from the complaint in making the findings to support its determination. We further hold that the trial court erred when it failed to accord proper deference to Reiber's forum choice of Florida, and when it failed to consider Yamasaki's own admission that Florida was a more convenient forum for her than Belize. As such, we reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

9

SOUD, J., concurs.

LAMBERT, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

LAMBERT, J., concurring with opinion.

I concur with the majority's opinion reversing the trial court's order dismissing Reiber's complaint based on forum non conveniens. Yamasaki's premise for moving to dismiss on this basis, to me, bordered on the illogical. She sought relief from being sued in her county of residence despite affirmatively representing, *in her own motion*, that having to litigate in the country of Belize, which would occur if she were successful in her motion, would be "unduly burdensome" to her because it would subject her to "unnecessary travel expenses." Yamasaki then doubled down in her motion with the additional observation that the "difficulties [she] faces litigating in Belize are far greater than those [Reiber] faces litigating in Florida."[1]

Reiber was somewhat baffled by Yamasaki's motion, but he responded with a straightforward solution—he would promptly dismiss the suit in Belize, and the entire matter could be litigated in Brevard County. Despite this offer and, as correctly pointed out in the majority opinion, Yamasaki having presented no sworn evidence on which the trial court could base granting the motion, the court dismissed the action.

I write to briefly discuss the majority's remand to the trial court for further proceedings. To the extent the remand is to allow additional analysis under *Kinney*, I see that as unnecessary. The trial court's order under review shows that it performed the four-prong analysis required under *Kinney*; however, for the reasons detailed by the majority, the trial court erred in its analysis. Nor do I believe that Yamasaki should have the proverbial "second bite at the apple" to fill in the evidentiary blanks.

---

[1] There is no indication in our record that, other than the complaint having been filed, anything further has occurred in the Belize litigation.

In my view, on remand, the trial court should vacate the forum non conveniens dismissal order and enter an order that requires Yamasaki to file a response to the complaint within a specified time frame and also directs Reiber, within a time certain, to dismiss the litigation in Belize, as he had previously offered to do so and reiterated his willingness to do so at oral argument.